IN RE CHANGE OF NAME OF AMY M. SPATZ, JENNIFER A. SPATZ, AND KRISTINE L. SPATZ, ALL MINORS, BY AND THROUGH THEIR MOTHER AND NEXT FRIEND, DEBORAH ANN LAFLAN. AMY M. SPATZ ET AL., BY THEIR MOTHER AND NEXT FRIEND, DEBORAH ANN LAFLAN, APPELLANTS, V. PAUL A. SPATZ, INTERVENER-APPELLEE.

258 N. W. 2d 814

Filed October 26, 1977. No. 41162.

Stephen Greenberg, for appellants.

Frederick M. Deutsch of Deutsch, Jewell, Otte, Gatz, Collins & Domina, for intervener-appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

This is an appeal from an order denying relief in a proceeding under section 61-101, R. R. S. 1943, to change the names of three minor children. The action was brought by Deborah Ann Laflan, their mother and next friend. The minor children are Amy M. Spatz, born July 21, 1968; Jennifer A. Spatz, born October 31, 1969; and Kristine L. Spatz, born January 21, 1972.

Paul A. Spatz, the father of the children, intervened in the proceeding and opposed the relief sought by the plaintiff.

The intervener and the plaintiff were divorced in California in 1972. Custody of the children was awarded to the plaintiff with rights of visitation in Spatz. Child support was fixed at $40 per month per child. The plaintiff married Dr. Douglas Laflan on August 6, 1973, and now resides in Creighton, Nebraska.

The plaintiff produced evidence that the children are known as the Laflan children and that they feel uncomfortable with any other name. Dr. Richard Sanders, a psychologist, testified that based upon his observation of the children it was his opinion they were sensitive children who were in need of a stable home situation and identity and it would be detrimental to their personality growth and development for them to be called by a name other than Laflan. A psychiatrist testified that it was his opinion it would be in the best interests of the children that their legal name be made Laflan because the children considered they were a part of the Laflan family, and if they were called by some other name the effect was to suggest they were not a part of the family. He further testified that the children did not conceptualize Spatz as their father.

At the time of the hearing in the District Court, the intervener was 27 years of age and a student at the University of South Dakota. He has paid the child support required by the California judgment and has exercised his visitation rights although on some occasions the oldest child has refused to go with him. There was some evidence that the intervener had said he would not object to the change in names if the child support payments were terminated, but the intervener denied having made the statement.

The question of whether the name of a minor child should be changed is to be determined by what is in the best interests of the child. The cases which have considered this question have granted a change of name only when the substantial welfare of the child

requires that the name be changed. See Annotation, 53 A. L. R. 2d 914. Generally, where the father has supported the children and exercised his visitation rights relief has been denied. A change of name has been granted where the father's name was positively deleterious to the child because of the father's misconduct and notoriety. Generally, minor embarrassment or emotional upset has been held not sufficient to require that a change of name be granted.

In Robinson v. Hansel, 302 Minn. 34, 223 N. W. 2d 138, the Supreme Court of Minnesota, in reversing a judgment granting a change of name, said: "Society has a strong interest in the preservation of the parental relationship. Even though a divorce decree may terminate a marriage, courts have traditionally tried to maintain and to encourage continuing parental relationships. The link between a father and child in circumstances such as these is uncertain at best, and a change of name could further weaken, if not sever, such a bond."

The determination as to whether the names of the minor children should have been changed rested within the sound discretion of the trial court. We find no abuse of discretion. The judgment of the District Court is affirmed.

AFFIRMED.