(706 P.2d 480)
No. 57,497

In the Matter of the Application to Change the Name of MEKEA LaDAWN MOREHEAD

Opinion filed September 26, 1985.

*Edwin A. Van Petten*, of Eskridge, for the appellant.

Before PARKS, P.J., REES, J., and JEROME HARMAN, C. J. Retired, assigned.

PARKS, J.: Starla Jo Geisler filed a petition as next friend for her minor daughter, Mekea LaDawn Morehead, requesting a change of surname pursuant to K.S.A. 60-1401 *et seq.* The trial court refused to grant the requested change. Petitioner appeals.

The petitioner was born February 8, 1978, and her natural parents were divorced in April 1983. Thereafter, the mother married Terry D. Geisler on June 27, 1983. Petitioner has been living in the custody of her mother since the divorce of her parents. Petitioner's natural father died on August 14, 1983, and petitioner has no personal contact with her paternal grandparents. In January 1984, the Geislers' minor son was born and this petition for a name change was filed the following May. Notice of the proceeding to change petitioner's surname to Geisler was served upon the paternal grandparents but they failed to appear at the hearing on the petition or in any way enter an appearance in the proceeding.

In denying petitioner's requested name change, the trial judge made the following findings and conclusions:

"1. The authority in Kansas to change one's name is statutory.

"2. The cases cited by counsel in support of his client's position as set forth in 53 ALR 2d 914, et seq. appear to be in states which have specific statutory authority stipulating that a parent or parents of a minor child may petition to change the child's name.

"3. Pertinent Kansas statutes contain no such stipulation or authority.

"4. The natural father of the minor child herein involved cannot speak, raise objection or consent to the requested name change.

"5. The child involved herein is too young to understand the nature of the subject proceeding, notwithstanding that she may be 'bright' for her age.

"6. A deceased father, absent adoption of his surviving child by a step-parent, is in the opinion of this court entitled to have his child bear his name in accordance with the usual custom of succession to the paternal surname.

"7. When the child is of legal age, if she desires to change her surname to that of her step-father, she may do so.

"8. As a matter of law, Kansas statutes do not permit the relief sought herein and the petition is denied."

The issues posed by this case essentially devolve into two:
1. Does Kansas law permit a minor child to file a petition for a change of name?
2. If so, what considerations should guide the district court's discretion in granting or denying the requested change?

Turning to the first issue, minors generally have the capacity to sue and to be sued. *Fotopoulos v. Gas Service Co.*, 150 Kan. 738, 741-42, 96 P.2d 666 (1939). However, the action must be brought in the name of the child by a next friend or guardian. K.S.A. 60-217. In addition, K.S.A. 60-1401 provides that the district court "shall have authority to change the name of *any person*, township, town or city within this state at the cost of the petitioner without affecting any legal right." The name change provisions do not require a demonstration of some compelling reason for the change but provide that if the judge is satisfied as to the truth of the allegations of the petition, and that there is reasonable cause for changing the name of the petitioner, "the judge shall so order" the change. K.S.A. 60-1402(c). There are no special provisions regarding a change of name by a minor nor are there any Kansas cases concerning the matter. Therefore, we must decide whether despite the absence of any statutory impediments to the requested name change, the failure of the statutes to specifically permit such an action compelled dismissal of this petition.

It is well recognized that in the absence of a statutory or constitutional provision to the contrary, the rule of the common law still remains in effect in this state. K.S.A. 77-109; *Board of Neosho County Comm'rs v. Central Air Conditioning Co., Inc.*, 235 Kan. 977, 981, 683 P.2d 1282 (1984). Furthermore, the common law regarding name changes was that so long as no

fraud was intended, any person, including a minor, had the right to change his name without legal formality by simply using the new name. *Laks v. Laks*, 25 Ariz. App. 58, 540 P.2d 1277 (1975); *In re Staros*, 280 N.W.2d 409, 411 (Iowa 1979), and cases cited therein. Since there is nothing in the Kansas statute which abrogates this rule, it would seem that petitioner could have accomplished her name change without any sanction by the court. However, it has also been held that statutory provisions setting up a legal procedure for name changes are intended as aids and affirmations of the common-law rule and not as an abrogation or substitution for the informal procedure. It is said that the in-court procedures have been adopted simply to provide a record of name changes. *In re McGehee*, 147 Cal. App. 2d 25, 26, 304 P.2d 167 (1956); *Laks*, 25 Ariz. App. at 60. Thus, name changes have been court-approved ancillary to some other matter, such as a divorce, even though the statutory name change procedure was not followed. See, *e.g., In re Marriage of Nguyen*, 684 P.2d 258 (Colo. App. 1983).

In this case, the petitioner sought to follow the statutory procedure for obtaining a change of name but was denied relief by the court because she is a minor. However, in light of the fact that a minor may bring legal action through a next friend, the absence of any language in K.S.A. 60-1401 and 60-1402 to indicate that a minor is excluded from seeking a name change and the common-law history which recognizes the right of any person, including a minor, to change his name so long as no fraud is intended, we conclude that the district court erred. A minor may file a petition, through a next friend, to obtain a name change and there is no legal impediment to a grant of the requested change.

Nevertheless, despite this conclusion, we agree with the district court that some special considerations come into play when a name change is requested by a minor. It is longstanding tradition in this country that a child carry the surname of his father. As a consequence, a number of courts have held that there is a protectable parental, generally paternal, interest in seeing that a child's name remains unchanged. Annot., 92 A.L.R.3d 1091. For example, in *Carroll v. Johnson*, 263 Ark. 280, 565 S.W.2d 10 (1978), the court held that the grant of a change of name petition filed on behalf of two minor children by their mother without notice to the natural father was a denial of due

process. The court held that even though the statute permitted a name change by a minor without notice or consent by the parents, to do so would be an infringement of the father's protectable interest in his children's surname. Courts have also held that a minor's request for a name change, whether brought as an independent action or as part of a divorce, should be subject to a best interests of the child test. *Carroll*, 263 Ark. at 286; *In re Marriage of Presson*, 102 Ill. 2d 303, 465 N.E.2d 85 (1984); *In re Marriage of Omelson*, 112 Ill. App. 3d 725, 445 N.E.2d 951 (1983). Thus, in *Spatz v. Spatz*, 199 Neb. 332, 334, 258 N.W.2d 814 (1977), the court held that the trial court did not commit an abuse of discretion in refusing to grant a petition for a name change filed by a mother on behalf of her two daughters. The court held that the decision to grant or deny such a request must depend upon the best interests of the child. The court noted that the children's father, who opposed the name change, exercised regular visitation and met his child support obligations. The court indicated that the estrangement between the girls and their father effected by divorce would only be furthered by a name change and that the trial court did not err in concluding that the best interests of the children militated against the change.

Both the Nebraska (Neb. Rev. Stat. § 61-101 [1981]) and the Arkansas (Ark. Stat. Ann. § 34-801 [1985 Supp.]) cases were initiated by a petition for a name change filed under a statute comparable to K.S.A. 60-1401 and 60-1402. In neither case was there any statutory language which indicated that a minor's petition should be treated differently than an adult's nor was there a requirement that a minor's parents be given notice. Nonetheless, in recognition of both the strong parental interest involved and the limited capacity of a minor, the courts in those two states placed special restrictions on the scope of the court's power to grant a name change to a minor.

In this state, a child has the capacity to bring an action and nothing in the statute indicates that a petition for a name change should be regarded differently than any other lawsuit. However, it is also true that parents have special rights and interests with regard to their children which our courts will seek to preserve. Therefore, we hold that in exercising the discretion implicit in deciding whether a reason for a name change has been shown

(K.S.A. 60-1402), the court considering the proposed name change for a child should also consider the interests of the parents and the best interests of the child.

In this case, the trial judge refused relief based on the perception that the child could not file such an action and that the statutes do not permit the relief sought by petitioner. However, as already noted, both the statutory and the common law permit the filing of the action and the actual grant of the name change. Moreover, this child's natural father is deceased and the paternal grandparents were given notice of the requested change and the opportunity to raise objections. The court's concern with the dead man's interest seems misplaced; a change of name at this point can certainly not be said to pose a threat to the child's relationship with her natural father. Moreover, the evidence would evidently show that the child has no interaction with any of her paternal relatives, and the person she regards as her father, her natural mother, and her half brother all have a different surname. Therefore, we conclude that there is reasonable cause for changing the minor child's surname.

The judgment is reversed and the case is remanded with directions to enter an order granting the name change.