No. 75,837

In the Matter of the Marriage of DIANA I. KILLMAN, f/k/a DIANA I. BOCK, *Appellant*, and KURT KILLMAN, *Appellee*.

(955 P.2d 1228)

Opinion filed March 6, 1998.

*Molly M. Wood*, of Legal Aid Society of Topeka, argued the cause, and *Lowell C. Paul*, of the same office, was with her on the briefs for appellant.

*Doug Thompson*, of Thompson Law Office, of Abilene, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Wife appealed the district court order changing the name of the minor child of the marriage to husband's name in the decree of divorce. The Court of Appeals, in *In re Marriage of Killman*, 23 Kan. App. 2d 975, 976, 939 P.2d 970 (1997), held that Kansas courts have implied authority to change a child's name in a divorce proceeding, but the district court abused its discretion in changing the name of the minor child because it failed to consider the interests of the child and mother. We granted the husband's petition for review.

Diana I. Bock, f/k/a Diana I. Killman, filed for divorce on April 11, 1995. The only child of the marriage, Brendan Ross Bock, was 8 months old. The husband, Kurt Killman, filed an answer admitting the child's name was Brendan Ross Bock. The only contested matter at the divorce hearing was the child's last name. The wife was not present at the hearing but was represented by counsel. The husband testified that although he signed the child's birth certificate stating the child's name was Brendan Ross Bock, he and his wife had disagreed over which last name to give the child. The wife wanted the child's last name to be Bock and he wanted the last name to be Killman. The wife won that disagreement.

The district court reasoned that because it had jurisdiction to determine custody of the child, it had statutory authority to determine the child's last name. In changing the last name, the district court concluded that "[c]onvention dictates the child should assume the name of the father and therefore this Court orders that the minor child's name be Brendan Ross Killman." The mother appealed, arguing that the district court lacked statutory authority to change the name of the child and lacked personal jurisdiction over the child, and that changing the name of the child was not an issue properly before the district court.

The Court of Appeals observed that whether the district court had jurisdiction of the child was a question of law and an appellate court is free to substitute its judgment on a question of law for that of the trial court. *Killman*, 23 Kan. App. 2d at 976; see *City of Chanute v. Polson*, 17 Kan. App. 2d 159, 160, 836 P.2d 6 (1992).

As to the mother's argument that there was no statutory authority for the district court to change the child's name, the Court of Appeals pointed out that K.S.A. 1996 Supp. 60-1610 provides, in part: " 'A decree in an action under this article may include orders on the following matters . . . .' Subsection (a), covering minor children, includes the support, education, custody, and residency." 23 Kan. App. 2d at 976. It noted that the district court recognized K.S.A. 1996 Supp. 60-1610 is silent as to the name of minor children. However, the statute required the district court to determine custody of the child and authorized the court, upon request, to order the restoration of either spouse's former name.

Therefore, the trial court determined it had jurisdiction of the child and statutory authority to change the child's last name in a divorce proceeding.

The Court of Appeals observed that other jurisdictions are divided on this issue. 23 Kan. App. 2d at 977. Jurisdictions which allow a change of name incident to divorce generally have statutory features distinguishing them from Kansas statutes. Illinois, for example, has ruled that a divorce court has subject matter jurisdiction over a child's name as a matter incident to custody of the child. *In re Marriage of Presson*, 102 Ill. 2d 303, 306, 465 N.E.2d 85 (1984). The *Presson* court based its decision upon the Illinois change-of-name statute, which provided that a petitioner could include his or her minor child in a change-of-name petition if the change was in the child's best interests. That statute also required that the affidavit for a change of name of a minor, as well as the notice of name change, be signed by the parent or guardian having legal custody of the child. 102 Ill. 2d at 307.

The Court of Appeals noted that although the Kansas change-of-name statutes, K.S.A. 60-1401 *et seq.*, did not specifically provide for changing the names of minors, a panel of the Court of Appeals had ruled that a change of a child's name is available if the action is brought by a next friend. *In re Application to Change Name*, 10 Kan. App. 2d 625, Syl. ¶ 1, 706 P.2d 480 (1985). It observed that this was distinguishable from the parent or guardian requirement of Illinois in that the change of a minor's name was not necessarily an incident of custody.

Nebraska has held that a divorce court has jurisdiction over a change of minor childrens' names. *Cohee v. Cohee*, 210 Neb. 855, 860, 317 N.W.2d 381 (1982). The *Cohee* court relied upon a Nebraska statute which gives the court authority to " 'include such orders in relation to any minor children and their maintenance as shall be justified' " as well as its equity jurisdiction in allowing the change of a child's surname in a dissolution action. 210 Neb. at 860 (quoting Neb. Rev. Stat. § 42-364 [1978]).

Colorado has also ruled that a court handling the dissolution of a marriage has the power to order a change of the parties' minor child's name. *In re Marriage of Nguyen*, 684 P.2d 258 (Colo. App.

1983), *cert. denied* 469 U.S. 1108 (1985). The Colorado Court of Appeals reasoned in *Nguyen* that Colorado's statutory name change provision did not eliminate the common-law method for change of name. The *Nguyen* court noted that Colorado courts routinely restore the wife's former name upon request at dissolution although this was not specifically provided for in its Dissolution of Marriage Act. (Kansas statutes authorize restoration of either spouse's former name.) The Colorado court had also noted that the great procedural safeguards attendant to a divorce and the breadth of the trial court's consideration of the family relationship supported the change of a minor's name in such a proceeding. 684 P.2d at 260.

The husband asserts that the issues pertaining to minor children in K.S.A. 1996 Supp. 60-1610 are those which peculiarly belong to the two parties, *i.e.*, the husband and wife. The Court of Appeals observed that in Kansas, generally, a husband and a wife are the only proper parties to a divorce action. *Breidenthal v. Breidenthal*, 182 Kan. 23, 28, 318 P.2d 981 (1957). Nevertheless, jurisdictions which have given the courts authority to change a minor child's name in a divorce action have determined that the court's power to do so is incidental to its jurisdiction of the child's custody. See, *e.g.*, *In re Marriage of Gulsvig*, 498 N.W.2d 725, 728 (Iowa 1993); *In re Marriage of Presson*, 102 Ill. 2d at 307.

The Court of Appeals observed that interpretation of a statute is a question of law over which it had an unlimited power of review, citing *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995). The Court of Appeals noted that Iowa statutes were similar to Kansas statutes in allowing a change of a minor's name incident to a divorce action. In spite of the fact that Iowa's dissolution statute did not specifically provide for change of a minor's name, the Iowa Supreme Court ruled that authority to change a child's name was inferred under the statute. *In re Marriage of Gulsvig*, 498 N.W.2d at 728. The *Gulsvig* court concluded the broad discretion given Iowa courts by statute to determine custody and physical care of the child authorized an infant child's name to be changed. The Court of Appeals reasoned that the inclusion of a change of name provision for

either party is evidence that the Kansas Legislature intended K.S.A. 1996 Supp. 60-1610 to provide the district court with authority to change the parties' child's name. It found the reasoning of the Iowa courts persuasive and adopted the Iowa rule that the court has the inferred authority to change a child's name in divorce proceedings. The majority next turned to rules of statutory construction and said:

" 'One of the more common rules of statutory interpretation is that expressed in the Latin maxim *expressio unius est exclusio alterius*, *i.e.*, the mention or inclusion of one thing implies the exclusion of another. This rule may be applied to assist in determining actual legislative intent which is not otherwise manifest, although the maxim should not be employed to override or defeat a clearly contrary legislative intention. [Citations omitted.]' " *State v. Luginbill*, 223 Kan. 15, 20, 574 P.2d 140 (1977) (quoting *In re Olander*, 213 Kan. 282, 285, 515 P.2d 1211 [1973]).

While the majority acknowledges this rule, it apparently did not find it persuasive. In fact, the cases the majority relied upon in determining the district court had authority to change the child's last name also had not relied upon this rule of statutory construction.

The Court of Appeals then turned to the wife's argument that the district court abused its discretion in failing to consider the interests of the parents and the best interests of the child in changing the last name. It pointed to *In re Application to Change Name*, 10 Kan. App. 2d at 628-29, where it had held that in exercising the discretion implicit in deciding whether a reason for a name change has been shown (K.S.A. 60-1402), the court considering the proposed name change for a child should also consider the interests of the parents and the best interests of the child.

The Court of Appeals observed that the sole reason given by the district court for the name change was that convention dictated that the child be given his father's surname. It pointed out that "[t]his antiquated view has faced criticism recently" and cited *Gulsvig*, 498 N.W.2d at 729, where the Iowa Supreme Court agreed with the other jurisdictions that the presumption that a child bear the surname of his or her father is outdated and rejected it. See

*In re Marriage of Schiffman*, 28 Cal. 3d 640, 642-43, 169 Cal. Rptr. 918, 620 P.2d 579 (1980); *Cohee*, 210 Neb. at 857.

The Court of Appeals concluded that even if it were to determine that the convention of giving a child his or her father's surname had some validity, the district court had failed to consider the interests of the mother, as well as the child's best interests, as required by the *Application* court. It stated that judicial discretion must be exercised, not in opposition to, but in accordance with, established principles of law, *State v. Richard*, 252 Kan. 872, 882, 850 P.2d 844 (1993), and determined that the district court had abused its discretion in changing the child's name. The Court of Appeals reversed and remanded for such considerations.

Chief Judge Brazil dissented from the majority's conclusion that the trial court, having jurisdiction of a child to determine custody and support, also had statutory authority to change the name of the minor child, and concurred with the majority's determination that if the trial court had jurisdiction, the matter should be remanded for rehearing.

The dissent first pointed out that K.S.A. 1996 Supp. 60-1610, which provides for the support, education, and custody of minor children, does not specifically confer upon the district court authority to change the names of minor children of the marriage. Chief Judge Brazil concluded the inclusion of a change of name provision for either party (husband or wife), together with the exclusion of any provision to change the children's names and a complete absence of any supporting case law in Kansas, strongly militated against such a conclusion. The dissent then observed that the majority's reliance upon *In re Marriage of Gulsvig*, 498 N.W.2d at 728, is misplaced because the Iowa court did not consider the principle of *expressio unius est exclusio alterius* (a maxim of statutory interpretation meaning that the inclusion of one thing is the exclusion of another).

For further support the dissent pointed to other jurisdictions which have not allowed a judge presiding over dissolution proceedings jurisdiction to change the name of a minor child in dissolution proceedings. Citing *Mayor v. Mayor*, 17 Conn. App. 627, 554 A.2d 1109 (1989), the dissent observed that Connecticut, like

Kansas, statutorily allows for the change of either spouse's name incidental to dissolution of marriage. Connecticut, like Kansas, also has a general change of name statute. 17 Conn. App. at 629-30. The Connecticut court compared the general nature of the change of name statute to the specific language of the dissolution statute limiting the change of name to a party and concluded the legislature had intended to allow only a change of a party's name incidental to divorce. For additional authority, the dissent points to *Lone Wolf v. Lone Wolf*, 741 P.2d 1187, 1192 (Alaska 1987) (minor child is not a party to divorce proceeding); *Viola v. Fundrella*, 241 N.J. Super. 304, 308, 574 A.2d 1036 (1990) (no reference to changing surname of child in dissolution statute implies no legislative intent); *In re Marriage of Hurta*, 25 Wash. App. 95, 96, 605 P.2d 1278 (1979) (no provision in dissolution statutes for change of a child's name).

The dissent pointed out that the Court of Appeals had previously recognized that a minor may file a petition, through a next friend, to obtain a change of name pursuant to K.S.A. 60-1401 *et seq*. *In re Application to Change Name*, 10 Kan. App. 2d 625. In that case, husband and wife were divorced 5 years after the birth of their daughter. The wife later remarried and took the name Geisler. The child resided with her mother after the divorce and after her remarriage. After a son was born in the second marriage, and the death of her first spouse, the mother petitioned to change the name of the daughter to Geisler pursuant to K.S.A. 60-1401.

In denying the request to change the child's name, the trial judge concluded that K.S.A. 60-1401 *et seq*. provided no such authority. In reversing the trial court, the *Application* court noted that minors generally have the capacity to sue and to be sued; however, the action must be brought in the name of the child by a next friend or guardian. The Court of Appeals pointed out that K.S.A. 60-1401 provides that the district court "shall have authority to change the name of *any person* . . . within this state at the cost of the petitioner without affecting any legal right." (Emphasis added.) The Court of Appeals concluded that in light of (1) the fact that a minor may bring legal action through a next friend; (2) the absence of any language in K.S.A. 60-1401 and K.S.A. 60-1402 to indicate that a

minor is excluded from seeking a name change; and (3) the common-law history which recognizes the right of any person, including a minor, to change his or her name so long as no fraud is intended, a minor may file a petition, through a next friend, to obtain a name change and there is no legal impediment to a grant of the requested change. 10 Kan. App. 2d at 627.

Chief Judge Brazil further reasoned in his dissent that the existence of specific statutory authority to change a name was yet another reason why the court should not infer that under K.S.A. 1996 Supp. 60-1610, the name of a child of the marriage could be changed, and concluded that the trial court had jurisdiction over the child but lacked statutory authority to change the child's name in this divorce action.

The husband petitioned this court for review with respect to whether the district court had jurisdiction (statutory authority) to change the child's name because it had jurisdiction to change the child's custody. The husband states that a decision by this court "would provide supervisory authority" to Kansas district courts. We granted review.

## DISCUSSION

Whether the district court having jurisdiction over a child's custody has authority to change the child's last name is a matter of first impression and involves a question of statutory interpretation. A trial court's interpretation of a statute is a question of law, and this court's scope of review is unlimited. *In re Tax Appeal of Boeing Co.*, 261 Kan. 508, Syl. ¶ 1, 930 P.2d 1366 (1997).

In reaching its conclusion, the majority of the Court of Appeals chose to follow the Iowa Supreme Court's decision in *In re Marriage of Gulsvig*, reasoning that Iowa law was most similar to Kansas law in allowing a change of a minor's name incident to a divorce action. 23 Kan. App. 2d at 978. In *Gulsvig*, the father appealed the trial court's refusal to change the surname of the child to his. In holding that the trial court had authority to change a child's name in a divorce proceeding, the *Gulsvig* court focused on Iowa Code § 598.41 (1991), which it stated "provides the court with broad discretion in determining custody and the physical care of a child

and expresses a preference for joint custody." It reasoned that because each custodian has equal participation in decisions affecting the child's legal status, changing an infant's name is an incident of the child's legal status. 498 N.W.2d at 728.

The comparable Kansas statute, K.S.A. 1996 Supp. 60-1610(a)(4)(A), does not refer broadly to a child's legal status, as does the Iowa statute. Instead, it provides that in a shared or joint custody arrangement, "the parties shall have equal rights to make decisions in the best interests of the child under their custody."

*Mayor v. Mayor*, 17 Conn. App. 627, cited by Chief Judge Brazil, is more persuasive than *Gulsvig*. In declining to extend authority to the trial court to change a nonparty minor child's name incident to a dissolution, the *Mayor* court stated that "[t]he jurisdiction of our courts is defined by statute and by the Connecticut constitution. [Citation omitted.] The jurisdiction of Connecticut courts to effect changes of names has been carefully delineated by statute." 17 Conn. App. at 629. The *Mayor* court observed that the statutory authority to change an individual's name was limited to those situations where the interested individual petitions the court for the change by filing a complaint. The *Mayor* court found that a court should effect a change of name only in the context of an action brought for that purpose by the person desiring the change and that procedures for the initiation and prosecution of such an action were "set forth in Practice Book § 105." 17 Conn. App. at 631-32. The court then concluded that a parent wishing to change a child's name must proceed under the general statute authorizing complaints for change of name. 17 Conn. App. at 633.

K.S.A. 60-1401 states the "district court shall have authority to change the name of any person . . . within this state at the cost of the petitioner without affecting any legal right." K.S.A. 60-1402 states:

"(a) *Petition.* A petition may be filed in the county in which the petitioner resides stating: (1) That the petitioner has been a resident of the state for at least 60 days, (2) the reason for the change of name, and (3) the name desired.

. . . .

"(c) *Order.* If upon hearing the judge is satisfied as to the truth of the allegations of the petition, and that there is reasonable cause for changing the name of the petitioner the judge shall so order."

K.S.A. 1996 Supp. 60-1610 states that a decree in an action under this article may include orders on the following matters:

"(a) *Minor children.* (1) *Child support and education.* The court shall make provisions for the support and education of the minor children. The court may modify or change any prior order when a material change in circumstances is shown, irrespective of the present domicile of the child or the parents. . . .

"(2) *Child custody and residency.* (A) *Changes in custody.* Subject to the provisions of the uniform child custody jurisdiction act (K.S.A. 38-1301 *et seq.*, and amendments thereto), the court may change or modify any prior order of custody when a material change of circumstances is shown.

. . . .

"(3) *Child custody or residency criteria.* The court shall determine custody or residency of a child in accordance with the best interests of the child.

. . . .

"[4] (B) *Sole custody.* The court may place the custody of a child with one parent, and the other parent shall be the noncustodial parent. The custodial parent shall have the right to make decisions in the best interests of the child, subject to the visitation rights of the noncustodial parent.

. . . .

"(c) *Miscellaneous matters.* (1) *Restoration of name.* Upon the request of a spouse, the court shall order the restoration of that spouse's maiden or former name."

The maxim *expressio unius est exclusio alterius, i.e.,* the inclusion of one thing implies the exclusion of another, may be applied to assist in determining actual legislative intent which is not otherwise manifest, although the maxim should not be employed to override or defeat a clearly contrary legislative intention. *State v. Luginbill,* 223 Kan. at 20 (quoting *In re Olander,* 213 Kan. at 285). Under this rule, when legislative intent is in question, we can presume that when the legislature expressly includes specific terms, it intends to exclude any items not expressly included in the specific list. See *State v. Wood,* 231 Kan. 699, 701, 647 P.2d 1327 (1982).

It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. *City of Wichita v. 200 South Broadway,* 253 Kan. 434, 436, 855 P.2d 956 (1993). The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the leg-

islature as expressed, rather than determine what the law should or should not be. *Brown v. U.S.D. No. 333*, 261 Kan. 134, 141-42, 928 P.2d 57 (1996) (interpreting the Kansas Administrators' Act). Stated another way, when a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute. *State v. Alires*, 21 Kan. App. 2d 139, Syl. ¶ 2, 895 P.2d 1267 (1995).

Chief Judge Brazil's position that the court should not infer authority under K.S.A. 1996 Supp. 60-1610 is the better reasoned one. While the majority recognized the principle of *expressio unius est exclusio alterius*, it did not apply it to this case. K.S.A. 1996 Supp. 60-1610 specifically provides that a divorce decree may include orders regarding child support, education, child custody, and residency and that, upon the request of a spouse, the court shall order the restoration of that spouse's maiden or former name. After applying each of the previously discussed rules of statutory construction, we conclude there is no statutory authority in K.S.A. 60-1601 *et seq.* that authorizes the court to change the name of a minor child of the parties.

A district court having jurisdiction over a child's custody in a divorce action does not have jurisdiction or statutory authority to change the name of the child of the marriage. If the legislature had wished to confer authority to change a child's name in a divorce action, it would have specifically done so as it did in reference to child support, education, custody, and restoration of a spouse's former name. The judgments of the district court and the Court of Appeals are reversed. The matter is remanded to the district court to correct the last name of the minor in the decree of divorce.

Reversed and remanded.