(4 P.3d 637)
No. 83,499

Ricky P. Bulmer, *Appellant,* v. Rex Bowling, Sheriff of Franklin County, Thomas Wiegard, Charles W. Mavity, Jr., William Ogle, County Commissioners of Franklin County, Kansas, and Timothy P. Cronin, *Appellees.*

Opinion filed April 14, 2000.

David W. White, of Sloan, Listrom, Eisenbarth, Sloan & Glassman L.L.C., of Overland Park, for appellant.

*Robert L. Bezek, Jr.,* of Bezek, Lowry, & Hendrix, of Ottawa, for appellee Timothy P. Cronin.

*Wendell F. Cowan* and *Matt Wiltanger,* of Shook, Hardy & Bacon, L.L.P., of Overland Park, for appellees Bowling, Wiegard, Mavity, and Ogle.

Before Lewis, P.J., Marquardt, J., and John P. Bennett, District Judge, assigned.

Marquardt, J.: Ricky P. Bulmer appeals the trial court's granting of summary judgment to Rex Bowling, Thomas Wiegard, Charles W. Mavity, Jr., and William Ogle (County). We affirm.

On March 31, 1994, Bulmer was being transported to the Osawatomie State Hospital in a van driven by Timothy P. Cronin. Cronin swerved the van, slid in some loose gravel, went across the road, hit an embankment, and rolled the van. Bulmer claimed that he suffered injuries to his spine and left knee.

Bulmer was in the custody of the Kansas Department of Corrections from November 28, 1995, to June 26, 1997.

On June 12, 1998, Bulmer filed an action against Cronin and the County, alleging that the accident was caused by Cronin's negligence. Bulmer asked for damages in excess of $10,000.

The County filed a motion for summary judgment, claiming that the statute of limitations for Bulmer's claim expired on April 1, 1996. Cronin also filed a motion for summary judgment, claiming that Bulmer did not comply with the requirements of K.S.A. 12-105b.

The trial court granted the County's motion for summary judgment. The trial court did not enter judgment on Cronin's claims because the County's motion based on the statute of limitations was dispositive. Bulmer appeals.

Bulmer claims that K.S.A. 60-515 is ambiguous and should be construed to allow him to pursue his claim. More specifically, Bulmer claims that K.S.A. 60-515 is "self-contradictory" and, thus, fatally flawed.

Interpretation of a statute is a question of law; therefore, this court's review is unlimited. See *State v. Patterson*, 25 Kan. App. 2d 245, 247, 963 P.2d 436, *rev. denied* 265 Kan. 888 (1998).

The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. *In re Marriage of Killman*, 264 Kan. 33, 42-43, 955 P.2d 1228 (1998).

"Except as provided in K.S.A. 60-523, if any person entitled to bring an action, other than for the recovery of real property or a penalty or a forfeiture, at the time the cause of action accrued or at any time during the period the statute of limitations is running, is . . . imprisoned for a term less than such person's natural life, such person shall be entitled to bring such action within one year after the person's disability is removed.

"Notwithstanding the foregoing provision, if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability." K.S.A. 60-515(a).

The state courts of Kansas have not interpreted this provision as it applies to prisoners. The County cites several unpublished deci-

sions of the federal courts to support its position. In *Hardin v. Straub*, 490 U.S. 536, 540, 104 L.Ed.2d 582, 109 S.Ct. 1998 (1989), the United States Supreme Court noted that Kansas renders the statute of limitations tolling provision inapplicable to prisoners who have access to the court.

Bulmer claims that because of his imprisonment, he was "not able to travel to Miami County, where his claim was for personal injury, and he was not able to go to private physicians to be evaluated." Bulmer contends that he is denied his constitutional guarantees provided in the Kansas Constitution Bill of Rights, § 18.

The statute is clear on its face. Prisoners are considered to be under a legal disability unless they have access to the court for the purpose of bringing an action. See K.S.A. 60-515(a). We see no contradiction in this language. The legislature clearly intended for prisoners to be bound by applicable statutes of limitation so long as they have access to the courts.

It is not our job to question the hidden meaning behind the wording of a statute or to work through every potential application. We are called upon only to interpret the clear language of statutes. See *Killman*, 264 Kan. at 43. In this case, the statutory language unambiguously states that the tolling statute does not apply to prisoners who have access to the courts. We see no other interpretation than the one undertaken by the trial court.

The evidence presented to the trial court showed that Bulmer had relatively free access to the courts during his incarceration. Bulmer claims in his appellate brief that he was denied access to the courts. There is nothing in the record on appeal to support his allegation that he was denied access to the courts. Assertions in an appellate brief are not sufficient to satisfy inadequacies in the record on appeal. *Smith v. Printup*, 254 Kan. 315, 353, 866 P.2d 985 (1993).

The decision of the trial court was correct. The tolling provision of K.S.A. 60-515(a) applies only to prisoners who are denied access to the courts. Bulmer had access to the courts during his incarceration. Bulmer's claim was filed beyond the 2-year period allowed

in K.S.A. 60-513(a)(4). Therefore, the County's motion for summary judgment was properly granted.

Affirmed.