Jan Satterfield Butler County Attorney 214 West Central El Dorado, Kansas 67042
Dear Ms. Satterfield:
You request our interpretation of K.S.A. 79-338 as it applies to a particular sailing club. According to the club's Yacht and GroundsFacilities Rules and Regulations that you have provided, the club leases its harbor site from the Kansas State Park Board and the United States Army Corps of Engineers. Among other things, the club is in charge of assigning slip spaces to owners of watercraft wishing to slip their vessels at the harbor site.
K.S.A. 79-338 provides as follows:
 "The owner, lessee or operator of any watercraft dock where any one or more watercraft are docked shall furnish the county clerk or assessor of the county wherein such watercraft dock is located a list of all watercraft docked thereat and a list of the names and addresses of the owners of said watercraft as of January 1 of each year and shall notify the county clerk or assessor of any watercraft docked at such premises after January 1 and before July 1 of each year. Such information shall be furnished in the manner and on forms prescribed by the director of property valuation.
 "As used in this section the term `watercraft' shall mean `vessel' as defined by K.S.A. 82a-802, and the term `watercraft dock' shall include marina, wharf, pier, landing place, or boathouse."
K.S.A. 79-339 sets forth a criminal penalty for the owner, lessee or operator of any watercraft dock who willfully and knowingly fails to submit lists of watercraft, names and addresses of owners in compliance with K.S.A. 79-338.
It has been suggested that K.S.A. 79-338 does not apply to any owner, lessee or operator of a watercraft dock if that owner, lessee or operator does not have control, possession or custody of the watercraft docked there. Attorney General Opinion No. 82-260 is cited as authority for this proposition. In Opinion No. 82-260, this office was asked to determine whether a country club was required to provide a list of club members who owned golf carts located at the club to the county appraiser for property tax assessment purposes. The appraiser's argument in that case was that because the country club leased storage sheds for golf carts, it was required under K.S.A. 79-303 to provide the names of club members who owned golf carts and stored them at the club. K.S.A. 79-303 provides in part:
 "Every person, association, company or corporation who shall own or hold, subject to his or her control, any tangible personal property shall list said property for assessment. . . .
. . . .
 "If any person, association, company or corporation shall have in their possession or custody any tangible personal property belonging to others not specifically included in the foregoing, it shall be their duty to list such property with the assessor in the name of the owner thereof."[1]
The Attorney General concluded that, under this statute, if the country club/lessor of the storage area did not have control, possession or custody of the golf carts, then it was not responsible for listing the golf carts for taxation. Apparently, there was no statute at the time that specifically required country club owners or operators to list the property of those who stored golf carts on the property owned, leased or operated by the club. The general statute requiring listing of property, K.S.A. 79-303, specifically required control, possession or custody for someone other than the owner of the personal property to be required to list it. By contrast, K.S.A. 79-338 does not require such control, possession or custody.
"It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Stated another way, when a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute."[2]
K.S.A. 79-338 clearly requires the owner, lessee or operator of any watercraft dock to furnish a list of all watercraft docked there, as well as a list of the names and addresses of the owners of the watercraft, for purposes of property tax assessment. There is nothing in K.S.A. 79-338
that limits that requirement to only those dock owners, lessees and operators who have control, possession or custody of the watercraft docked there. Thus, the owner, lessee or operator of any watercraft dock is required by K.S.A. 79-338 to list the watercraft docked there regardless whether the dock owner, lessee or operator has control, possession or custody of the watercraft. As stated by the Kansas Supreme Court, it is not the place of the court (or this office when asked for an opinion) to determine what the law should or should not be, but rather to give effect to the intention of the Legislature as that intent is clearly expressed in the statutes.
In conclusion, K.S.A. 79-338 requires the owner, lessee or operator of any watercraft dock to furnish a list of all watercraft docked there, as well as a list of the names and addresses of the owners of the watercraft, for purposes of property tax assessment. The lists are to be provided to the county clerk or assessor of the county in which the dock is located. This requirement to list watercraft applies to any person or entity that owns, leases or operates the dock, regardless whether that person or entity has control, possession or ownership of the watercraft docked there.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm
[1] Emphasis added.
[2] CPI Qualified Plan Consultants, Inc. v. Kansas Department ofHuman Resources, No. 86,799 (Kan. 2002), quoting In re Marriage ofKillman, 264 Kan. 33, 42-43 (1998) (citations omitted).