The Honorable Karin Brownlee State Senator, 23rd District 1232 S. Lindenwood Drive Olathe, Kansas 66062
Dear Senator Brownlee:
You request our opinion regarding whether the limitations set forth in subsection (b) of K.S.A. 2001 Supp. 75-7223 prohibit using the KAN-ED network to fax communications, materials and information related to distance learning.
The Legislature has, through the KAN-ED Act,[1] authorized the Kansas Board of Regents to "contract with providers of telecommunications services, cable services and other communications services for the creation, operation and maintenance of the [KAN-ED] network."[2] The KAN-ED network is "a broadband technology-based network to which schools, libraries and hospitals may connect for broadband internet access and intranet access for distance learning."[3]
 "The network shall not provide for: . . . (3) switched voice access, except to the extent switched access is being provided by state owned, leased or operated facilities as of the effective date of this act; (4) transmission of voice over internet or voice over internet protocol, except to the extent necessary to facilitate interactive two-way video; or (5) use of the network for purposes inconsistent with the purposes of this act."[4]
In determining whether the prohibitions set forth in the above quoted provision preclude faxing over the KAN-ED network any communications, materials and information related to distance learning, we rely on the rules of statutory construction.
 "It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. (Citation omitted.) The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. (Citation omitted.) Stated another way, when a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute. (Citation omitted.)"[5]
The plain language of the statute indicates that the KAN-ED network may not provide for voice communications, except for those specifically authorized, over the network. Faxing is a procedure whereby text or images are transcribed from paper into an electronic signal that is transmitted over telephone lines, then transcribed back into text or images on paper.[6] Faxing does not involve the transmission of voice communications.
Other provisions of the KAN-ED Act state that the Kansas Board of Regents is obligated to "establish a plan to ensure that all schools, libraries and hospitals have quality, affordable access to the internet and distance learning [and to] adopt standards for determining whether such access is available to each school, library or hospital desiring such access. . . ."[7] The Board of Regents is further obligated to establish:
 "(1) Technical standards for operation and maintenance of the network; (2) the method of monitoring operations of the network; and (3) the method or methods of increasing the capacity of the network to accommodate changes in the demands of schools, libraries and hospitals."[8]
In addition, "[t]he board shall identify any potential regulatory impediments to and other regulatory considerations in implementation of the network and shall propose measures to address such impediments and other considerations."[9] Using the KAN-ED network for the purpose of faxing communications, materials and information related to distance learning does not appear to be inconsistent with any of these functions nor with the purposes for establishing the KAN-ED network. Under such circumstances, subsections (b)(3) through (5) of K.S.A. 2001 Supp. 75-7223
do not preclude the KAN-ED network from providing a means for faxing through the network any communications, materials and information related to distance learning. Therefore, until such time as the Kansas Board of Regents adopts regulations stating otherwise,[10] communications, materials and information related to distance learning may be faxed through the KAN-ED network.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] K.S.A. 2001 Supp. 75-7221 et seq.
[2] K.S.A. 2001 Supp. 75-7224(b).
[3] K.S.A. 2001 Supp. 75-7223(a).
[4] K.S.A. 2001 Supp. 75-7223(b). It is assumed for purposes of this opinion that the KAN-ED network has not provided for "(1) [i]mpairment of any existing contract for the provision of telecommunications services or internet services to any school, library or hospital; [or] (2) state ownership or construction of any network facilities other than those owned or being constructed by the state on the effective date of this act. . . ."
[5] Wichita Eagle and Beacon Pub. Co., Inc. v. Simmons, 50 P.3d 66, 82
(Kan. 2002), quoting In re Marriage of Killman, 264 Kan. 33, 42-43
(1998).
[6] See 47 U.S.C.A. § 227.
[7] K.S.A. 2001 Supp. 75-7224(a).
[8] K.S.A. 2001 Supp. 75-7224(c).
[9] K.S.A. 2001 Supp. 75-7224(d).
[10] K.S.A. 2001 Supp. 75-7224(g). The State Board of Regents has not yet adopted regulations regarding the KAN-ED network.