No. 121,034

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Petition of BEAU LEE CLARK.

SYLLABUS BY THE COURT

1.

The statutory name change provisions in Kansas do not require demonstration of a compelling reason for the name change. If the judge is satisfied as to the truth of the allegations of the petition and there is reasonable cause for changing the name of the petitioner, "the judge shall so order" the change. K.S.A. 60-1402(c).

2.

There is nothing in K.A.R. 44-12-506 that precludes a person from changing his or her name while incarcerated.

Appeal from Norton District Court; PRESTON PRATT, judge. Opinion filed September 6, 2019. Reversed and remanded with directions.

*Beau Lee Clark*, appellant pro se.

No appearance by appellee.

Before ARNOLD-BURGER, C.J., BRUNS and WARNER, JJ.

ARNOLD-BURGER, C.J.:  Beau Lee Clark appeals the district court's denial of his petition to change his name to Beau Lee Northcutt. The court found—based on a Kansas Department of Corrections regulation—that Clark's status as an inmate precluded him from changing his name while incarcerated. But the regulation in question specifically

anticipates an inmate changing his or her name while incarcerated, so we must reverse the district court decision denying Clark's petition.

FACTUAL AND PROCEDURAL HISTORY

In November 2018, Clark, an inmate incarcerated at the Norton Correctional Facility, petitioned to change his name. He sought to change his name from Beau Lee Clark to Beau Lee Northcutt. Clark explained in an affidavit accompanying the petition that his mother had changed his last name when he was a minor after remarrying and he now wished to re-assume his birth name. As the sole surviving male heir of his birth father's family name, Clark wanted to "carry[] on that legacy" and had plans to obtain similar name changes for his children with his ex-wife.

The district court set a hearing and ordered Clark to provide notice to several parties of interest under K.S.A. 60-1402(b), including: the Lyon County Attorney's Office, the Lyon County District Court Clerk, and the Kansas Department of Corrections (KDOC). Clark sent the required notice by certified mail to all three parties. The Deputy Clerk for Lyon County sent Clark a response letter acknowledging its receipt of the notice and directed Clark to provide copies of "the Order Changing Name, signed by the Honorable Judge Preston A. Pratt" so that the order could "be filed in [Clark's] cases here in Lyon County District Court."

The district court conducted a telephone conference with Clark. The district court denied the petition, finding:

> "6. Petitioner alleges that the Petition for Change of Name is not made for the purpose of avoiding any debts, obligations or legal process nor is it made for the purpose of misleading or defrauding any person; and that the requested name change will not result in prejudice to any person. The Court finds, however, that Petitioner is an inmate of

2

the Norton Correctional Facility. As such he is required by K.A.R. 44-12-506 to continue using and responding to his convicted name until his sentence is fully discharged. Petitioner states he should be released from prison in June of 2020 and should be released from post-release supervision in June of 2021.

"7. Although no objection to the change of name has been received from the Kansas Department of Corrections or from the victim in the criminal case which led to Petitioner's current incarceration, the Court finds there is not reasonable cause for changing Petitioner's name. In particular the Court finds that because Petitioner is in the custody of KDOC he is required to continue using his convicted name of Clark until his sentence is discharged, granting the proposed name change could lead to the avoidance of legal obligations including collection of restitution, and could mislead the general public regarding prior convictions."

Clark timely appealed.

ANALYSIS

Clark argues that the district court erred when it denied his name change petition. He raises three challenges to the district court's decision: (1) the court's findings were based on a misinterpretation of K.A.R. 44-12-506; (2) any person has the right to a name change under the common law by simply using the new name; and (3) K.S.A. 60-1401 does not require a compelling reason to change one's name. No appellee brief has been filed.

Name changes in Kansas are governed by statute. The district court "shall have authority to change the name of any person . . . within this state at the cost of the petitioner without affecting any legal right." K.S.A. 60-1401. The statutory provisions do not require a demonstration of a compelling reason for the change but provide that if the judge is satisfied as to the truth of the allegations of the petition and there is reasonable cause for changing the name of the petitioner, "the judge shall so order" the change.

3

K.S.A. 60-1402(c). So deciding whether a name change should be granted involves the exercise of discretion by the district court. As a result, we review such decisions for an abuse of discretion. See *In re Application to Change Name*, 10 Kan. App. 2d 625, 628-29, 706 P.2d 480 (1985). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015). This court will not disturb a discretionary decision unless no reasonable person would have taken the view adopted by the district court. *State v. Gonzalez*, 290 Kan. 747, 755, 234 P.3d 1 (2010). That said, to the extent that this issue turns on questions of statutory interpretation, this court's review is unlimited. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015).

After reviewing the statutes, regulations, and facts of this case, we find that there are two ways the district court erred in its interpretation of the statute and therefore abused its discretion. We will examine each in turn.

1.      *The plain language of K.A.R. 44-12-506 anticipates that inmates retain the right to change their legal names while incarcerated.*

The district court based its denial on Clark's status as an inmate at the time of his petition. The court concluded that because K.A.R. 44-12-506 required Clark to continue to use and respond to his convicted name "until his sentence is fully discharged," granting the name change while he was incarcerated "could lead to the avoidance of legal obligations." So we begin by examining the text of the regulation at issue.

> "In all matters an inmate shall respond to officials when addressed by the name under which he was committed to the custody of the secretary of corrections until discharged from sentence. An inmate shall be referred to in all official transactions, and all correspondence to and from the inmate, under the name used in the journal entry of

4

convictions and commitment throughout his or her period of incarceration. *In the event of a legal name change, the records may reflect the new name as an alias and the inmate may use the alias name in parentheses after the conviction name. All directives to, references to, or orders to an inmate by his convicted name shall be complied with regardless of the fact that he or she may have changed his or her name.* No charge shall be made against any inmate under this rule because the inmate is the addressee of any mail, phone call, document or other communication under the non-conviction name unless it is alleged and proven that the inmate was [a] knowing and willing conspirator or instigator of such use of non-conviction name. Violation of this rule shall be a class II offense." (Emphasis added.) K.A.R. 44-12-506.

We recognize that properly promulgated administrative regulations have the force and effect of law. K.S.A. 77-425. Clark does not challenge the legality of the regulation itself, just the district court's interpretation of it. And because KDOC did not object to the name change petition, appear at the hearing, or file a brief in this case, its interpretation of the regulation is unavailable for us to consider. In any event, because the interpretation of an administrative regulation is a question of law, we "owe no deference to an agency's interpretation of its own regulations and exercise unlimited review." *May v. Cline*, 304 Kan. 671, 675, 372 P.3d 1242 (2016).

The district court determined that the KDOC regulation required Clark to continue "using and responding to his convicted name until his sentence is fully discharged." While that conclusion accurately reflects the first two sentences of the regulation, the rest of the regulation explicitly references the effect of an inmate legally obtaining a name change. See K.A.R. 44-12-506. Under the regulation, the inmate's name at the time of conviction will continue to be used on all records with his or her new legal name added as an alias, and the inmate must still comply with "[a]ll directives to, references to, or orders to" his or her convicted name. K.A.R. 44-12-506. As a result, there is nothing in K.A.R. 44-12-506 that precludes a person from changing his or her name while incarcerated. Rather, the regulation explicitly provides a direct solution to prevent any

5

confusion that may arise when an inmate's current legal name differs from his or her name at the time of conviction.

To bolster this interpretation, Clark also points out that the Legislature recognizes an inmate's right to change his or her name in at least two other ways. First, under the Kansas Offender Registration Act (KORA), criminal offenders must report any name change within three days to the appropriate law enforcement agency. See K.S.A. 2018 Supp. 22-4905(i). Although it is unclear from the record whether Clark would be subject to KORA once he is released from incarceration, his point is still valid. The Legislature expected that criminal offenders subject to KORA might seek to change their names, so it decided to subject them to a penalty for a registration violation should they fail to report any name changes. See K.S.A. 2018 Supp. 22-4903.

Second, Clark correctly asserts, although without citing any pertinent authority, that inmates have a right to marry or divorce while incarcerated. The United States Supreme Court has long recognized that prisoners retain their fundamental right to marry even while incarcerated. See *Turner v. Safley*, 482 U.S. 78, 95-96, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987). Kansas allows individuals to change their names at the time of marriage and requires a district court to restore a spouse's former name upon divorce if requested. See K.S.A. 2018 Supp. 23-2506; K.S.A. 2018 Supp. 23-2716. Neither statute precludes an inmate from changing his or her name by these procedures. Again, if an inmate changes his or her name while incarcerated as a result of marriage or divorce, K.A.R. 44-12-506 would require the inmate to continue responding to and using his or her convicted name until released from incarceration.

2.      *The statutory name change provisions do not require a compelling reason to change one's name.*

A district court "shall have authority to change the name of any person, township, town or city within this state at the cost of petitioner without affecting any legal right." K.S.A. 60-1401. A petitioner must file a petition in the county in which he or she resides stating: "(1) That the petitioner has been a resident of the state for at least 60 days, (2) the reason for the change of name, and (3) the name desired." K.S.A. 60-1402(a). Notice must be given at the discretion of the court, either by publication under K.S.A. 60-307 or service by mail to interested parties. K.S.A. 60-1402(b). The statute does not require the petitioner show a compelling reason for the name change. Instead, it requires the district court to order the name change if "satisfied as to the truth of the allegations of the petition, and that there is reasonable cause for changing the name of the petitioner." K.S.A. 60-1402(c); see *In re Application to Change Name*, 10 Kan. App. 2d at 626.

The statute is consistent with the common law. Before the Legislature enacted the current statutory name change provisions, the common law allowed any person to change his or her name without legal formality by simply using the new name, as long as the person intended no fraud. See 10 Kan. App. 2d at 626-27. The statutory name change provisions are "intended as aids and affirmations of the common-law rule and not as an abrogation or substitution for the informal procedure." 10 Kan. App. 2d at 627.

Here, the district court's findings do not suggest any dissatisfaction with the truthfulness of the allegations made in Clark's petition. The court agreed that Clark's primary motivation stemmed from his desire to revert back to his birth name after reconnecting with his biological father. Instead, the court concluded that Clark's incarceration precluded him from having "reasonable cause" to change his name. As already outlined, the district court based that conclusion on a flawed interpretation of the relevant regulation. Moreover, none of the interested parties objected to or sought to

7

prevent the name change. They did not question his motives and appeared to assume the petition would be granted.

Again, under the plain reading of the statute Clark can seek a name change for any reason except to avoid legal obligations. There was no evidence presented that Clark was attempting to avoid any legal obligations by seeking a name change.

For these reasons, the district court abused its discretion when it denied Clark's name change based on his incarceration. The court incorrectly found that a KDOC regulation prevented Clark from changing his name while still serving his sentence. This was an error of law. The plain language of the regulation shows that KDOC anticipated inmates changing their names and provided a solution in which the inmate must keep using and responding to his or her convicted name while incarcerated. For these reasons, we reverse the district court's decision to deny the name change and remand with directions to grant Clark's request to change his name to Beau Lee Northcutt.

Reversed and remanded with directions.