The Honorable Ron Thornburgh Secretary of State Memorial Hall, First Floor 120 S.W. 10th Street Topeka, Kansas 66612
Dear Secretary of State Thornburgh:
You request our opinion regarding the manner in which certain ballots are to be canvassed. Specifically, you ask whether a ballot submitted at a polling place on election day is to be counted when the person who submitted the ballot died prior to the canvassing of the ballot. You also ask whether an advance voting ballot submitted by a person who died after marking the ballot, but prior to the time of canvassing the ballot, is to be included in the final count of ballots cast in the election.
Any person who is a citizen of the United States, has attained the age of 18 years, and who resides in the voting area in which the person seeks to vote is deemed a qualified elector[1] and, upon meeting such person's duty to register to vote,[2] is a registered elector entitled to vote in elections.[3] A person may vote on election day by requesting a ballot at the proper polling place.[4] The ballot may be in the form of a paper ballot,[5] electronic or electromechanical voting ballot,[6] or a voting machine ballot.[7] If a paper ballot is used, the person may mark the ballot as instructed, then submit the ballot to an election judge who will clip the identifying numbers from the ballot and deposit it in a locked ballot box.[8] If a voting machine is used, the ballot is automatically deposited when the person exits the machine. A ballot is cast when it is deposited formally or officially.[9] The ballot of a person voting at a polling place on election day is cast when it is deposited in a locked ballot box or voting machine.
There are procedures for challenging the authority of a person's right to vote prior to such time as the person's ballot is cast on election day.[10] In addition, the Legislature has provided procedures whereby a ballot that contains inappropriate marks or includes votes for disqualified candidates may be invalidated at the time of canvassing.[11]
However, there is no authority for challenging a person's qualifications to vote once the ballot is cast, i.e., deposited in a locked ballot box or voting machine, at a polling place on election day. Further, a ballot that has been deposited in a locked ballot box or voting machine is not individually identifiable.[12] Therefore, a ballot that has been properly cast at a polling place on election day is to be counted regardless whether the person who cast the ballot may have died prior to canvassing of the ballot.
The State of Kansas has for most of its history conferred upon a segment of its electors the right to participate in elections by allowing them to vote by absentee ballots.[13] The purpose for allowing voting in such a manner is not to modify the qualifications of electors, but rather is to allow greater participation in the electoral process by persons who possess the qualifications of electors, but are temporarily absent from their residence.[14] Since 1974, the Kansas Constitution has conferred the right to vote through absentee ballots upon electors who are removed from the State in accordance with federal law and those electors who have moved from one residence in Kansas to another residence in Kansas during such time as is prescribed by law.[15] For all other electors in Kansas, "[a]bsentee voting is a privilege. . ."[16] granted through State statute.
In 1995, the Kansas Legislature enacted legislation that provided for advance voting, a concept that replaced absentee voting.[17] By utilizing advance voting, any registered elector who completes the required application may vote prior to the actual scheduled date of an election.[18] An elector may vote during the time up to 20 days prior to the scheduled election date.[19] The advance voting ballot may be submitted through use of voting machines,[20] optical scanning systems, electronic or electromechanical voting systems,[21] or paper ballots.[22]
The county election officer of every county is obligated to establish a special election board.[23] All advance voting ballots received by the county election officer prior to the closing of the polls on election day are to be delivered to the special election board.[24] The board is charged with the duty of conducting the original canvass of the advance voting ballots.[25]
State statutes set out the manner in which advance voting ballots are to be handled and the procedure to be followed by the special election board when conducting the original canvass of advance voting ballots. Advance voting voters may during the period for advance voting deposit their marked advance voting ballots into locked ballot boxes that are located in the office of the county election officer or at satellite voting offices.[26] Any advance voting ballots not deposited in a locked ballot box are to be placed in the advance voting ballot envelopes and delivered to the county election officer.[27] The advance voting ballot envelopes are then forwarded to the special election board.[28]
 "One of the judges [of the special election board] shall open each ballot envelope without defacing the form printed thereon and without mutilating the enclosed ballot or ballots. Such ballots shall then be disposed of as if the advance voting voters were present. One of the judges shall clip the numbers from the ballots and deposit them in the proper ballot boxes without unfolding them. Until the closing of the polls, at least 25 ballots shall remain uncounted in each ballot box."[29]
 "In counties where voting machines are used, the special election board shall proceed by using voting machines to originally canvass, count and tally the advance voting ballots. . . ."[30]
Prior to such time as an advance voting ballot envelope is opened pursuant to K.S.A. 25-1135, the ballot remains subject to challenge. "The vote of any advance voting voter may be challenged in the same manner as other votes are challenged, as nearly as may be, and the judges of the special election board shall determine the validity of each advance voting ballot."[31] The ballot may be challenged when it is believed the person submitting the advance voting ballot is not a registered voter.[32]
In addition:
 "Whenever it shall be made to appear to the judges of a special election board by sufficient proof that an advance voting voter has died, the envelope containing the advance voting ballot of such deceased voter shall not be opened. In all such cases, the judges shall endorse on the back of the envelope the word `provisional' and the reason for sustaining the challenge."[33]
The vote indicated on such an advance voting ballot is not to be included in the vote totals certified by the special election board.[34]
The ballot is forwarded to the board of county canvassers which has the authority to "finally determine the acceptance or rejection of each . . . provisional . . . ballot."[35]
In determining whether the advance voting ballot of a person who died prior to canvassing of the ballot should be accepted by the board of county canvassers, it is necessary to determine the intent of the Legislature.
 "The fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be."[36]
 "There is a presumption that the legislature does not intend to enact useless or meaningless legislation."[37]
"A construction of a statute should be avoided which would render the application of a statute impracticable or inconvenient, or which would require the performance of a vain, idle, or futile thing, or attempt to require the performance of an impossible act."[38]
K.S.A. 25-1136 requires the special election board to leave unopened and uncounted those advance voting ballots that it believes are submitted by voters who died after marking their advance voting ballots and prior to the canvassing of those ballots. Those ballots are to be referred to the county board of canvassers for its determination whether to accept or reject the individual ballots. It is the intention of the Legislature that an advance voting ballot submitted by a voter who died prior to the canvassing of the ballot not be counted and included in the vote totals certified by the boards that are engaged in canvassing the votes. To interpret the provision otherwise results in the enactment of useless and meaningless legislation as there would be no purpose for the special election board to mark such ballots as "provisional," leaving them unopened and uncounted until accepted or rejected by the board of county canvassers. Therefore, if the board of county canvassers determines that an advance voting ballot marked as "provisional" by the special election board was in fact submitted by a voter who died after marking the advance voting ballot and prior to the canvassing of the ballot, the ballot should remain unopened and uncounted.
Subsection (c) of K.S.A. 25-1136 specifically states that in those instances when the special election board believes that an advance voting ballot was submitted by a person who has died since submitting the ballot, "the envelope containing the advance voting ballot of such deceased voter shall not be opened."[39] An advance voting ballot that is deposited in a locked ballot box or voting machine is not enclosed in an advance voting ballot envelope.[40] In addition, any ballot deposited in a locked ballot box or voting machine is not individually identifiable.[41] As previously noted, the Legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted and to have avoided requiring the performance of an impossible act. Therefore, an advance voting ballot that is cast, i.e., formally deposited in a locked ballot box or voting machine, is not subject to challenge under subsection (c) of K.S.A. 25-1136 regardless whether the person who marked the ballot may have died prior to canvassing of the ballot.
It must be determined whether the classification resulting from the statute violates the Equal Protection Clause of the United States Constitution[42] and Section 1 of the Bill of Rights of the Kansas Constitution. "A citizen has a constitutionally protected right to participate in elections on an equal basis with other citizens in the jurisdiction."[43] The right, however, is not absolute as a state has the authority to regulate the conduct of its elections,[44] including the authority to impose voter qualifications.[45]
 "[T]he States have long been held to have broad powers to determine the conditions under which the right of suffrage may be exercised. In other words, the privilege to vote in a state is within the jurisdiction of the state itself, to be exercised as the state may direct, and upon such terms as to it may seem proper, provided, of course, no discrimination is made between individuals, in violation of the Federal Constitution."[46]
 "States have the power to require that voters be bona fide residents of the relevant political subdivision. An appropriately defined and uniformly applied requirement of bona fide residence may be necessary to preserve the basic conception of a political community, and therefore could withstand close constitutional scrutiny."[47]
The classifications resulting from the challenge authorized under subsection (c) of K.S.A. 25-1136 involve groups of deceased persons: (1) Those deceased persons whose votes are counted because their ballots were deposited in locked ballot boxes or voting machines, and (2) those deceased persons whose votes are not counted because their ballots were submitted in advance voting ballot envelopes.
Persons who are deceased on election day are not qualified electors and do not enjoy a constitutional right to vote. Subsection (c) of K.S.A.25-1136 establishes a procedure whereby the votes on ballots submitted by deceased persons are excluded from the voting totals. The State possesses a legitimate interest in excluding the votes of persons who are not qualified electors on election day. "[W]hen a state election law provision imposes only `reasonable, nondiscriminatory restrictions' upon the First and Fourteenth Amendment rights of voters, `the State's important regulatory interests are generally sufficient to justify' the restrictions."[48] "A classification does not fail rational-basis review because it is not made with mathematical nicety or because in practice it results in some inequality."[49] Exclusion of a ballot submitted by a person who dies prior to the canvassing of the ballot is a reasonable regulation of elections. The classifications that result from the application of subsection (c) of K.S.A. 25-1136 do not violate theFirst and Fourteenth Amendments rights of a person whose vote is excluded from the voting totals because such person dies prior to the time the person's ballot is canvassed.
In review, a ballot that has been properly cast by depositing it in a locked ballot box or voting machine at a polling place on election day is to be counted regardless whether the person who marked and submitted the ballot may have died prior to canvassing of the ballot. An advance voting ballot that has been cast by depositing it in a locked ballot box or voting machine at the office of the county election officer or a satellite voting office during the period allowed for advance voting is to be counted regardless whether the person who marked and submitted the ballot may have died prior to the time the ballot is canvassed. If the board of county canvassers determines that an advance voting ballot marked as "provisional" by the special election board was submitted by a person who died after marking the advance voting ballot and prior to the canvassing of the ballot, the ballot should remain unopened and uncounted.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] Kan. Const., Art. 5, § 1.
[2] K.S.A. 25-2302. See State v. Butts, 31 Kan. 537, 554 (1884).
[3] K.S.A. 25-215; 25-2302.
[4] See K.S.A. 25-2701.
[5] See K.S.A. 25-601 et seq.; 25-4601 et seq.
[6] K.S.A. 25-4401 et seq.
[7] See K.S.A. 25-1307 et seq.
[8] K.S.A. 25-2905; 25-4609.
[9] Black's Law Dictionary 197 (1979).
[10] See K.S.A. 25-414 (each election judge is under a duty "to challenge any person offering to vote, whom the judge shall know or suspect not to be qualified as an elector").
[11] See K.S.A. 25-3002.
[12] See K.S.A. 25-2905 (an election judge clips the identifying numbers from the ballots and deposits them in their respective ballot boxes). See also K.S.A. 25-2427 (marking a ballot to identify is a class A misdemeanor).
[13] See Kan. Const., Art. 5, § 3 (repealed); Lemons v. Noller,144 Kan. 813 (1936).
[14] Lemons, 144 Kan. at 822.
[15] Kan. Const., Art. 5, § 1.
[16] 26 Am.Jur.2d Elections § 355 (1996).
[17] See L. 1995, Ch. 192.
[18] K.S.A. 25-1119; Cure v. Bd. of County Comm'rs, Hodgeman County,263 Kan. 779, 782 (1998).
[19] K.S.A. 25-1123(a).
[20] K.S.A. 25-1122a.
[21] See K.S.A. 25-1133.
[22] See K.S.A. 25-1120; K.S.A. 2001 Supp. 25-1124; K.S.A. 25-1133(a).
[23] K.S.A. 25-1133.
[24] K.S.A. 25-1132; 25-1134(a).
[25] K.S.A. 25-1134(b); 25-1135.
[26] K.S.A. 25-1123(a); K.S.A. 2001 Supp. 25-1124(a).
[27] K.S.A. 2001 Supp. 25-1124(a).
[28] K.S.A. 25-1134(a).
[29] K.S.A. 25-1135.
[30] K.S.A. 25-1138.
[31] K.S.A. 25-1136(a).
[32] Id.
[33] K.S.A. 25-1136(c).
[34] K.S.A. 25-1136(e).
[35] Id.
[36] Mitchell v. Liberty Mut. Ins. Co., No. 84,835 (Kan. Sup. Ct. June 8, 2001), citing In re Marriage of Killman, 264 Kan. 33, 42-43 (1998).
[37] Southwestern Bell Tel. Co. v. Kansas Corporation Comm'n, No. 85,126 (Kan. Ct. of Appeals August 3, 2001), quoting KPERS v. Reimer Koger Assocs., Inc., 262 Kan. 635, 643 (1997).
[38] Board of County Comm'rs of Ness County v. Bankoff Oil Co.,265 Kan. 525, 538 (1998), quoting State ex rel. Stephan v. KansasRacing Comm'n, 246 Kan. 708, 719 (1990).
[39] Emphasis added.
[40] K.S.A. 25-1123(a) ("voter elects to deposit the advance voting ballot into a locked ballot box without an envelope"); K.S.A. 2001 Supp.25-1124(a) ("voter may deposit such ballot into a locked ballot box without an envelope").
[41] See K.S.A. 25-2427 (marking a ballot to identify is a class A misdemeanor).
[42] U.S. Const., Amend. I.
[43] Dunn v. Blumstein, 405 U.S. 330, 336, 31 L.Ed.2d 274, 92 S.Ct. 995
(1972).
[44] Buckley v. American Const. Law Foundation, Inc., 525 U.S. 182,206, 119, S.Ct. 636, 142 L.Ed.2d 599 (1999); Timmons v. Twin Cities AreaNew Party, 520 U.S. 351, 358, 117 S.Ct. 1364, 137 L.Ed.2d 589 (1997);Burdick v. Takushi, 504 U.S. 428, 433, 112 S.Ct. 2059, 119 L.Ed.2d 245
(1992).
[45] Dunn, 405 U.S. at 336.
[46] Carrington v. Rash, 380 U.S. 89, 91, 85 S.Ct. 775, 13 L.Ed.2d 675
(1965) (internal citations and quotations marks omitted).
[47] Dunn, 405 U.S. at 343-44 (internal citations omitted).
[48] Burdick, 504 U.S. at 434, quoting Anderson v. Celebreeze,460 U.S. 780, 788, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983).
[49] Heller v. Doe by Doe, 509 U.S. 312, 321, 113 S.Ct. 2637,125 L.Ed.2d 257 (1993). See Reynolds v. Sims, 377 U.S. 533, 569,84 S.Ct. 1362, 12 L.Ed.2d 506 (1964).