The Honorable Christine Downey State Senator, 31st District State Capitol, Room 126-S Topeka, Kansas 66612
The Honorable Bonnie Sharp State Representative, 31st District State Capitol, Room 273-W Topeka, Kansas 66612
The Honorable Carl Krehbiel State Representative, 74th District State Capitol, Room 182-W Topeka, Kansas 66612
Dear Senator Downey and Representatives Sharp and Krehbiel:
As legislative members from your respective districts, you request our opinion regarding the obligation of educational institutions to display the flag of the United States of America. Specifically, you ask whether the provisions of K.S.A. 2001 Supp. 73-707 require a postsecondary educational institution to display the flag. If so, you ask whether the obligation is met when the flag is included in an indoor display consisting of the flags of many nations. Lastly, you ask whether application of the statute to a private secular institution is constitutional. Given the need for a timely answer and because of the conclusion we reach, we address only the second issue you present.
Hesston College is a two-year college associated with the Mennonite Church USA. A flagpole located on the grounds of Hesston College and on which the flag of the United States of America had been displayed was dismantled by students several years ago. The area in which the flag had been displayed has since been remodeled, with the base and pole being replaced by a sculpture. It is our understanding that the flag is not otherwise displayed outdoors on the campus of the College.
A display of international flags is housed in Bontrager Student Center located on the campus of Hesston College. A flag for each nation from which a student of Hesston College originated is included in the display. The flag of the United States is included among those flags. Each flag hangs on a horizontal bar suspended from the ceiling of the room in which the display is located. All flags are displayed at the same height.
K.S.A. 2001 Supp. 73-707 states:
"The board of education of every school district and the proprietor of a private or parochial school, [sic] in this state shall provide a suitable flag of the United States of America with staff or flagpole for every schoolhouse under the control and supervision of such board or proprietor. The flag shall be displayed in conformance with the instructions relating to flag etiquette, use and display adopted by the state board of education under K.S.A. 72-5308, and amendments thereto."[1]
To determine whether the manner of display utilized by Hesston College complies with the requirements of K.S.A. 2001 Supp. 73-707, it is necessary to interpret the statutory provisions.
"It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Stated another way, when a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute."[2]
Additional rules of statutory interpretation provide that "[a] statute is ambiguous when two or more interpretations can fairly be made."[3]
In order to ascertain the legislative intent under such circumstances, the court is not permitted to consider only a certain isolated part or parts of an act, but is required to consider and construe together all parts thereof in pari materia.[4] "Where the face of the statute leaves its construction uncertain, the court may look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested."[5] "The legislature is presumed to intend that its enactments be given a reasonable construction, so as to avoid absurd or unreasonable results."[6]
We believe the terms of the statute are not plain and unambiguous. We therefore look to the history of the statute to determine the intent of the Legislature.
Beginning in 1907, it was the duty of school authorities "to display [the United States] flag upon, near or in the public-school building during school hours and at such other times as school authorities may direct."[7] In 1919, the duty was extended to include display of the flag by private or parochial schools, with all such schools obligated to also display the flag in "each and every room" of every public and private or parochial school in the State.[8] The statute was repealed in 1939 with the enactment of K.S.A. 73-707. Every public and private or parochial school was thereafter required "to provide a suitable flag . . . with staff or flagpole for every schoolhouse. . . ."[9] The statute indicated a preference for outdoor display by stating that "in inclement weather, [the flag was to be displayed] within the school building."[10]
The statute was amended into its present version in 2001.[11] It no longer includes a requirement that a flag be located in every room of a schoolhouse, nor does it indicate a preference for display of the flag within a building or out of doors. By removing such provisions from the statute, the Legislature has indicated its intention to defer to the State Board of Education in determining such matters.
The Kansas State Board of Education has in exercising its authority under K.S.A. 2001 Supp. 73-707 adopted instructions for the display of the flag that mirror the provisions of the United States Flag Code.[12]
It is permissible under those policies to include the flag of the United States in a display of the flags of multiple nations.
"(c) No other flag or pennant should be placed above or, if on the same level, to the right of the flag of the United States of America, except during church service conducted by naval chaplains at sea. . . . No person shall display the flag of the United Nations or any other national or international flag equal,[13]
above, or in a position of superior prominence or honor to, or in place of, the flag of the United States of America at any place within the United States or any Territory or possession thereof. . . .
. . . .
"(g) When flags of two or more nations are displayed, they are to be flown from separate staffs of the same height. The flags should be of approximately equal size. International usage forbids the display of the flag of one nation above that of another nation in time of peace."[14]
A staff may be "[a] pole, rod, or stick used esp. [sic] as . . . [a] device for displaying a flag."[15] An illustration included among the instructions adopted by the State Board of Education shows "Flags of Two or More Nations" being flown from vertical poles.[16] While the instructions indicate that the staffs should be "of the same height," neither the instructions of the State Board nor the statute directs that the flag must be displayed on only a staff that is mounted vertically or on the ground. A board of education or the proprietor of a private or parochial school complies with the obligation to display the flag of the United States when the flag is included among the flags of several nations, provided that each flag is approximately the same size, mounted on a separate staff, and is equidistant from ground level.
The statute states that a board of education or proprietor of a private or parochial school is required to provide "a suitable flag . . . with staff or flagpole for every schoolhouse. . . ." A schoolhouse is commonly understood to be "[a] building used as a school and esp. [sic] as an elementary school."[17] It has, however, been interpreted to include "not only the schoolhouse itself, but also the entire school plant, including playgrounds, gymnasiums, stadiums and structures maintained for competitive athletic games and sports, and other buildings which are appropriated for uses prescribed or permitted by law to public schools."[18] Therefore, a schoolhouse is not limited to a building in which students receive educational instruction.
Further, in our opinion, a separate flag is not required for each building. The language of the statute dictates that school authorities "provide a suitable flag . . . with staff or flagpole for every schoolhouse." The State Board of Education has determined that it is proper to display the flag "in or near every schoolhouse."[19] "When a statute is ambiguous, the interpretation placed on it by an administrative agency whose duties are to carry the legislative policy into effect should be given great weight."[20] We see no reason to contradict the interpretation provided by the State Board of Education. Therefore, in our opinion, one flag may be located in such a manner that it serves as the flag for more than one building, especially in those circumstances in which the flag is centrally located in a place of prominence and the buildings served by the flag are in close proximity.
Whether a particular display complies with the requirement that a flag be provided for every schoolhouse depends on the particular features of the educational institution. Legal counsel for Hesston College has indicated his belief that the current display utilized by Hesston College complies with statutory requirements. We, however, are not privy to all the information available to the legal counsel regarding the actual physical features of Hesston College. We therefore are not able to determine whether the manner of display utilized by Hesston College meets the statutory requirement.
In review, the proprietor of a private or parochial school in this state is required to provide a suitable flag of the United States of America with staff or flagpole for every schoolhouse under the control and supervision of such proprietor. The proprietor of a private or parochial school complies with the obligation to display the flag of the United States when the flag is included among the flags of several nations, provided that each flag is approximately the same size, mounted on a separate staff, and is equidistant from ground level. A separate flag is not required for each building. Rather, one flag may be located in such a manner that it serves as the flag for more than one building, especially in those circumstances in which the flag is centrally located in a place of prominence and the buildings served by the flag are in close proximity.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] A similar requirement regarding display of the flag of the State of Kansas is established in K.S.A. 73-712.
[2] CPI Qualified Plan Consultants, Inc. v. Kansas Department ofHuman Resources, No. 86,799 (Kan. 2002), quoting In re Marriage ofKillman, 264 Kan. 33, 42-43 (1998) (citations omitted).
[3] Petty v. City of El Dorado, No. 84,665 (Kan. March 9, 2001).
[4] McCraw v. Merriam, No. 86,127 (Kan. July 13, 2001), quotingKansas Comm'n on Civil Rights v. Howard, 218 Kan. 248, Syl. ¶ 2 (1975).
[5] Robinett v. Haskell Co., 270 Kan. 95, 100-01 (2000).
[6] Lyon-Coffey Electric Co-Op, Inc. v. State Corporation Comm'n, No. 86,071 (Kan. Ct. of App. August 17, 2001), citing Rockers v.Kansas Turnpike Authority, 268 Kan. 110, 113, (1999).
[7] L. 1907, Ch. 319, § 1.
[8] L. 1919, Ch. 273, §§ 1, 2.
[9] L. 1939, Ch. 309.
[10] L. 1939, Ch. 309, § 3.
[11] L. 2001, Ch. 79, § 2.
[12] 36 U.S.C.A. §§ 174 — 76. The United States Flag Code is intended to be merely declaratory or advisory in establishing the proper display of the flag. Dimmit v. City of Clearwater, 985 F.2d 1565, 1573 (11th Cir. 1993); Holmes v. Wallace, 407 F. Supp. 493, 496 (M.D.Ala. 1976).
[13] See Doyle v. Fleming, 219 F. Supp. 277, 281 (D. Canal Zone 1963) ("the word `equal' as used in the sentence does not mean equal height as argued by plaintiff but equal prominence or honor").
[14] A PROGRAM FOR PROVIDING PATRIOTIC EXERCISES AND INSTRUCTIONS FOR FLAG ETIQUETTE, USE, AND DISPLAY, Kansas State Department of Education, 8 — 11, § 175 (August, 2001).
[15] Webster's II New Riverside University Dictionary 1129 (1988).
[16] A PROGRAM FOR PROVIDING PATRIOTIC EXERCISES AND INSTRUCTIONS FOR FLAG ETIQUETTE, USE, AND DISPLAY, Kansas State Department of Education, 13 (August, 2001).
[17] Webster's Third New World International Dictionary 2031 (1993).See also Webster's II New Riverside University Dictionary 1045 (1988).
[18] 68 Am.Jur.2d Schools § 5 (2000).
[19] A PROGRAM FOR PROVIDING PATRIOTIC EXERCISES AND INSTRUCTIONS FOR FLAG ETIQUETTE, USE, AND DISPLAY, Kansas State Department of Education, 8, § 174 (August, 2001).
[20] State, ex rel. Stephan v. Kansas Racing Commission, 246 Kan. 708,720 (1990).