(28 P.3d 434)

No. 86,305

DEBRA KLEINSORGE, *Appellee,* v. GEORGE A. KLEINSORGE, *Appellant.*

Opinion filed July 27, 2001.

*Gene F. Anderson,* of Anderson & Wichman, of Hays, for appellant.

*Scott Showalter,* of Goodland, for appellee.

Before PIERRON, P.J., MARQUARDT and BEIER, JJ.

MARQUARDT, J.: George A. Kleinsorge appeals the trial court's denial of his motion to terminate child support. We affirm.

George and Debra Kleinsorge were married in 1970, and their youngest son was born on June 7, 1982. The parties were divorced in December 1987. Debra was awarded primary residential custody of the children. George had originally been ordered to pay child support beginning in September 1987, and since December 1, 1999, the court-ordered amount of child support for his youngest son was $391 per month.

The Kleinsorges' youngest child was in kindergarten at the time of the divorce. One year later, Debra placed the child in a transitional first grade class on the advice of his teacher. This delayed the child's graduation from high school by 1 year. Debra did not consult with George before placing the child in the transitional first grade class.

The child turned 18 years old on June 7, 2000, but did not graduate from high school until May 2001. In July 2000, George filed a motion to terminate child support. George contends that he should not be liable for child support after his child turned 18 years

old because he did not knowingly acquiesce in the decision to delay his child's completion of high school.

After a hearing on George's motion, the trial court concluded that it was "apparent from the facts" that George did not participate in the decision to delay his child's high school graduation. However, the trial court concluded that George knew or should have known about Debra's decision and did nothing for approximately 12 years. Accordingly, the trial court found that George acquiesced in Debra's decision. George's motion was denied. George timely appeals.

On appeal, George contends that it is undisputed he was not notified his child was held back in school and he had no input in the decision.

This appeal involves the interpretation of K.S.A. 2000 Supp. 60-1610(a)(1)(C). Accordingly, we are granted an unlimited scope of review. See *State v. Patterson*, 25 Kan. App. 2d 245, 247, 963 P.2d 436, *rev. denied* 265 Kan. 888 (1998).

"Regardless of the type of custodial arrangement ordered by the court, the court may order the child support and education expenses to be paid by either or both parents for any child less than 18 years of age, at which age the support shall terminate unless: . . . (C) the child is still a bona fide high school student after June 30 of the school year during which the child became 18 years of age, in which case the court, on motion, may order support to continue through the school year during which the child becomes 19 years of age so long as the child is a bona fide high school student and the parents jointly participated or knowingly acquiesced in the decision which delayed the child's completion of high school." K.S.A. 2000 Supp. 60-1610(a)(1).

When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. *In re Marriage of Killman*, 264 Kan. 33, 42-43, 955 P.2d 1228 (1998).

"Acquiesce" means "[t]o give an implied consent to a transaction, to the accrual of a right, or to any act, by one's mere silence, or without express assent or acknowledgment." Black's Law Dictionary 24 (6th ed. 1990).

Debra testified that contact between George and their child was "sparse" after the divorce. At all times relevant to this appeal, George lived approximately 17 miles from his child.

There is no evidence in the record on appeal that George participated in the decision to place his child in a transitional first grade class. K.S.A. 2000 Supp. 60-1610(a)(1)(C) requires that the parent either jointly participate or knowingly acquiesce.

George had visitation with his child while he was in grade school. George admits that when his child was in the 7th grade, he told George that he had been held back. We agree with the trial court that George acquiesced in the decision when he did nothing after he became aware of it. Accordingly, under K.S.A. 2000 Supp. 60-1610(a)(1)(C), George's child support obligation will terminate when his child completes high school. The trial court did not err by denying George's motion to terminate child support.

Affirmed.