(62 P.3d 256)
No. 89,146

STATE OF KANSAS *ex rel.* SECRETARY OF DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES, *Appellee,* v. SCOTT HARTZOG, *Appellant.*

Opinion filed January 17, 2003.

*Daniel C. Walter,* of Ryan, Walter & McClymont, Chtd., of Norton, for appellant.

*Karen L. Griffiths,* of Norton, for appellee.

Before GERNON, P.J., KNUDSON, J., and LARSON, S.J.

GERNON, J: Scott Hartzog appeals the district court's order extending child support beyond June 30 of the year in which his son turns 18 years old.

Hartzog is the legal father of D.E.S., who was born in May 1984. D.E.S. was conceived while Hartzog, who was 20 years old, was dating a 16-year-old girl named Norma. Hartzog and Norma never married. Indeed, Hartzog never spoke to Norma again after learning that she was pregnant with D.E.S., and he has never seen or spoken to D.E.S. Hartzog, however, has continued to pay child support and provide health insurance for D.E.S. since D.E.S. was an infant.

Norma enrolled D.E.S. in school when he was 6 years old. As a result, D.E.S. will graduate from high school in 2003 at the age of 19. On April 19, 2002, the Secretary of Social and Rehabilitation Services (SRS) filed a motion to continue child support for D.E.S. until he graduates from high school. At the time the motion was filed, Hartzog was paying $147 per month in child support for D.E.S.

After a hearing on SRS's motion, the district court found D.E.S. to be a bona fide high school student, determined that Hartzog knowingly acquiesced in the decision to enroll D.E.S. in school at the age of 6, and ordered child support to continue until D.E.S. graduates from high school in 2003. Hartzog appeals.

Hartzog argues that the district court improperly interpreted K.S.A. 2001 Supp. 38-1121. The interpretation of a statute is a question of law over which an appellate court has de novo review. *Kleinsorge v. Kleinsorge*, 29 Kan. App. 2d 519, 520, 28 P.3d 434, *rev. denied* 272 Kan. 1418 (2001).

K.S.A. 2001 Supp. 38-1121(c) provides in pertinent part:

"When the child reaches 18 years of age, the support shall terminate unless: (1) The parent or parents agree, by written agreement approved by the court, to pay support beyond that time; (2) the child reaches 18 years of age before completing the child's high school education in which case the support shall not automatically terminate, unless otherwise ordered by the court, until June 30 of the school year during which the child became 18 years of age if the child is still attending high school; or (3) the child is still a bona fide high school student after June 30 of the school year during which the child became 18 years of age, in which case the court, on motion, may order support to continue through the school year during which the child becomes 19 years of age so long as the child is a bona fide high school student and the parents jointly participated or *knowingly acquiesced* in the decision which delayed the child's completion of high school." (Emphasis added.)

Hartzog argues that he did not knowingly acquiesce in the decision to delay D.E.S.'s school enrollment because he was not aware of the decision. In support of his position, Hartzog cites *Kleinsorge*. In *Kleinsorge*, a father filed a motion to terminate child support when his youngest child did not graduate from high school after the child's 18th birthday. The parents had divorced when the child was in kindergarten, and the mother, who had primary residential custody, decided to place the child in a transitional first

grade class, thereby delaying his high school graduation. In *Kleinsorge*, this court denied the father's request to terminate child support and held that the father had knowingly acquiesced in the decision to delay the child's education even though he had not participated in the decision. *Kleinsorge*, 29 Kan. App. 2d at 521. The court noted that the father, who had limited contact with the child, knew about the delay but did nothing to contest it. *Kleinsorge*, 29 Kan. App. 2d at 521.

Hartzog argues that the key to the *Kleinsorge* decision is the father's limited contact with the child. He distinguishes *Kleinsorge* from this case because he has had absolutely no contact with the child. Essentially, Hartzog argues that fathers should be financially rewarded for not participating in their children's lives.

"Acquiesce" means " '[t]o give an implied consent to a transaction, to the accrual of a right, or to any act, by one's mere silence, or without express assent or acknowledgment.' " *Kleinsorge*, 29 Kan. App. 2d at 520 (quoting Black's Law Dictionary 24 [6th ed. 1990]). "Knowing" means "[d]eliberate; conscious." Black's Law Dictionary 876 (7th ed. 1999).

Parents' duties toward support of their children encompass much more than financial support. Parents are called upon to make a multitude of decisions throughout their children's lives. Hartzog certainly knew that Norma would have to make decisions regarding D.E.S. and his upbringing. By making a choice not to participate in D.E.S.'s life, Hartzog deliberately and consciously gave his implied consent to every decision Norma made on behalf of D.E.S. Accordingly, Hartzog knowingly acquiesced in Norma's decision to delay D.E.S.'s enrollment in school. The trial court did not err in its interpretation of K.S.A. 2001 Supp. 38-1121(c).

Affirmed.