(61 P.3d 739)
No. 88,230

In the Matter of the Marriage of LARRY L. SELL, *Appellant*, and LYNN SELL, *Appellee*.

—

Opinion filed January 24, 2003.

*Douglas C. Cranmer*, of Stinson, Lasswell & Wilson, L.C., of Wichita, for appellant.

*Megan L. Campbell*, deputy court trustee, of Wichita, for appellee.

Before JOHNSON, P.J., ELLIOTT, J., and WAHL, S.J.

ELLIOTT, J.: In this first impression case, Larry Sell appeals the trial court's ruling that he was obligated to pay child support for June 2001.

We reverse.

Larry Sell (father) and Lynn Sell (mother) were divorced in 1998. They were granted joint custody of their 2 children, with mother designated the residential custodian; father was ordered to pay child support.

In July 1999, father and mother entered into an agreed order regarding custody of and support for their youngest child Nicholas. Paragraph 6 of the order provided:

"The parties agree that the minor child of the parties, Nicholas Sell, was born on August 29, 1982, and will attain the age of 18 on August 29, 2000, and due to a joint decision of the parties, the child will not have completed his high school education at the time he attains the age of 18 and pursuant to K.S.A. 60-1610, the parties agree that the child support obligation of the petitioner [father] for the minor child shall automatically continue through the school year after the minor child has attained the age of 18 on the condition that the child is a bonafide high school student; the petitioner shall be entitled to check with the school system to ascertain regular attendance by the child during the school year following the child's 18th birthday."

Father sought an order declaring he did not owe child support for the month of June 2001 because Nicholas graduated from high school on May 29, 2001, and was, thus, not a bonafide high school student in June 2001.

The trial court ruled that pursuant to the agreement and K.S.A. 60-1610, the school year ended on June 30, 2001, and, therefore, father was obligated to pay child support for June. Hence, this appeal.

The legal effect of a written instrument and consideration of statutory provisions present questions of law subject to unlimited review by this court. *Dougan v. Rossville Drainage Dist.*, 270 Kan. 468, 486, 15 P.3d 338 (2000); *Babe Houser Motor Co. v. Tetreault*, 270 Kan. 502, 506, 14 P.3d 1149 (2000).

It is apparent to us that the parties to the agreed order were, in effect, incorporating K.S.A. 60-1610(a)(1)(A) and (B) into their agreement. Those statutory provisions provide in part:

"Regardless of the type of custodial arrangement ordered by the court, the court may order the child support and education expenses to be paid by either or both parents for any child less than 18 years of age, at which age the support shall terminate unless: (A) The parent or parents agree, by written agreement approved by the court, to pay support beyond the time the child reaches 18 years of age; (B) the child reaches 18 years of age before completing the child's high school education in which case the support *shall not terminate automatically*, unless otherwise ordered by the court, until June 30 of the school year during which the child became 18 years of age *if the child is still attending high school.*" (Emphasis added.)

Neither the statute nor the parties' agreement defines "school year." We conclude we need not define the term either in order to decide the issue before us.

Under the agreement, father's obligation to pay child support was conditional on Nicholas being a "bonafide high school student." Under K.S.A. 2001 Supp. 60-1610(a)(1)(A), child support would continue only in accordance with the parties' agreement. Under K.S.A. 2001 Supp. 60-1610(a)(1)(B), child support would not terminate *automatically* until June 30 of the school year during which the child became 18 *"if the child is still attending high school."* (Emphasis added.)

While there are no Kansas cases directly on point, we do appreciate guidance from a couple of analogous decisions. *In re Marriage of Bunting*, 259 Kan. 404, 912 P.2d 165 (1996), involved the construction of K.S.A. 60-1610(a)(1)(C), which allows child support to continue through the school year in which the child reaches 19 so long as the child is a "bonafide high school student."

In *Bunting*, the child turned 18 in March 1993, while a junior in high school. Father ceased making child support payments in June 1993. Subsequently, mother sought child support payments until the end of May 1994, *when the child was to complete* high school.

The *Bunting* court held the legislature's intent was to *provide support through high school* for children held back in school by mutual parental consent. 259 Kan. at 409. Father was obligated to pay child support for May 1994. 259 Kan. at 411.

*Kleinsorge v. Kleinsorge*, 29 Kan. App. 2d 519, 28 P.3d 434 (2001), also involved the interpretation of K.S.A. 2001 Supp. 60-1610(a)(1)(C). There, the child's high school graduation was delayed a year by mother's decision made after kindergarten; father was not consulted about that decision.

The child turned 18 in June 2000 but did not graduate from high school until *May* 2001. In July 2000, father filed a motion to terminate child support because he was not consulted about mother's decision to hold the child back a year.

In *Kleinsorge*, we affirmed the trial court's determination that father had knowingly acquiesced in the decision to hold the child back. Accordingly, father's child support obligation "will terminate *when his child completes high school.*" (Emphasis added.) 29 Kan. App. 2d at 521. As stated before, the child was to graduate in May 2001.

In the present case, the child graduated from high school/completed high school on May 29, 2001. As a result, after May 29, 2001, Nicholas was no longer a "bonafide high school student" under the agreement, and was no longer "still attending high school" under K.S.A. 2001 Supp. 60-1610(a)(1)(B).

Father was not obligated to pay child support after May 2001 when Nicholas graduated from high school.

Reversed.