(102 P.3d 486)
No. 90,787

In the Matter of the Marriage of SHIRLEY K. VANBUREN, k/n/a SHIRLEY NYBORG, *Appellant*, and TERRY LYNN VANBUREN, JR., *Appellee*.

Opinion filed September 17, 2004.

*Randy M. Barker,* of Department of Social and Rehabilitation Services, of Topeka, for appellant.

No appearance by appellee.

Before JOHNSON, P.J., MALONE and HILL, JJ.

JOHNSON, J.: The Department of Social and Rehabilitation Services (SRS), on behalf of Shirley K. VanBuren (now Nyborg), appeals the district court's granting of a motion to terminate child support on May 31, following the child's graduation from high school. SRS contends that K.S.A. 2003 Supp. 60-1610(a)(1)(B) requires the support payments to continue to June 30 and that the district court's reliance on *In re Marriage of Sell,* 31 Kan. App. 2d 164, 61 P.3d 739 (2003), was erroneous because the *Sell* court was wrong. We find *Sell* to be correct but distinguishable and find the plain statutory language gave the district court authority to terminate child support prior to June 30. However, we remand to permit the district court the opportunity to exercise its discretion as to whether to grant or deny the motion to terminate child support.

Not surprisingly, the father has chosen not to file a brief to contest the additional 1 month's support which SRS seeks. Nevertheless, we perceive no factual disputes. Shirley and Terry Lynn VanBuren, Jr. (father) were divorced in 1988, and father was initially ordered to pay $210 per month in child support. In 1991, the support was reduced, and then in 2001, support was increased, ultimately to $330 per month.

On April 22, 2003, father filed a motion for the termination of his child support obligation effective May 31, 2003. The motion alleged that the child had attained the age of 18 years and would graduate from high school by the end of May. Father's counsel argued the motion before the district court on May 2; SRS, as Shirley's assignee, appeared by counsel and objected to the motion, principally relying on the arguments that *Sell* is distinguishable because it involved a parental agreement and that the statutes contemplate that a school year ends on June 30. The district court granted the motion based upon its belief that the *Sell* decision was controlling.

Appellant presents its issue as follows: "Pursuant to K.S.A 60-1610(a)(1)(B), does a child support obligation end in the month of high school graduation or does it continue to June 30, the end of the school year?" SRS then suggests that we have de novo review because the issue presented involves statutory construction. We agree. The case before us can be decided by reading the applicable statute, and statutory construction is a legal question allowing unlimited review. Further, "[a]n appellate court is not bound by the district court's interpretation of a statute." *State v. Maass,* 275 Kan. 328, 330, 64 P.3d 382 (2003).

K.S.A. 2003 Supp. 60-1610(a) is subtitled *"Minor children"* and subsection (1) is labeled *"Child support and education."* The statute authorizes the court to

"order the child support and education expenses to be paid by either or both parents for any child less than 18 years of age, at which age the support shall terminate unless: (A) The parent or parents agree, by written agreement approved by the court, to pay support beyond the time the child reaches 18 years of age; (B) the child reaches 18 years of age before completing the child's high school education in which case the support *shall not terminate automatically, unless otherwise ordered by the court,* until June 30 of the school year during which the child became 18 years of age if the child is still attending high school; or (C) the child is still a bona fide high school student after June 30 of the school year during which the child became 18 years of age, in which case the court, on motion, may order support to continue through the school year during which the child becomes 19 years of age so long as the child is a bona fide high school student and the parents jointly participated or knowingly acquiesced in the decision which delayed the child's completion of high school." (Emphasis added.)

The interpretation of any statute begins with a reading of the words chosen by the legislature. If those words reveal legislative intent, we must not resort to public policy considerations, such as those advanced in SRS's brief. See *Williamson v. City of Hays,* 275 Kan. 300, 305, 64 P.3d 364 (2003); *O'Bryan v. Columbia Ins. Group,* 274 Kan. 572, 575, 56 P.3d 789 (2002) ("Courts should avoid making public policy where the statutory law has developed."). "Ordinary words are to be given their ordinary meaning, and a statute should not be so read as to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it. [Citation omitted.]" *GT, Kansas, L.L.C.*

*v. Riley County Register of Deeds*, 271 Kan. 311, 316, 22 P.3d 600 (2001).

K.S.A. 2003 Supp. 60-1610(a)(1) codifies the general rule that a parent's obligation to pay child support ends when the child reaches the age of majority, *i.e.*, 18 years old. See *Brady v. Brady*, 225 Kan. 485, Syl. ¶ 4, 592 P.2d 865 (1979). As with most general rules, this one is subject to exceptions: (A) the supporting parent can agree in writing to pay beyond the child's 18th birthday; (B) the support obligation for a child who turns age 18 during the child's last year of high school will continue until June 30 of the year of graduation, unless the court has ordered to the contrary; and (C) the support for a child whose high school education has been delayed by both parents' consent or acquiescence can be court ordered to continue so long as the child is a bona fide high school student.

*Sell* principally involved the first exception, a written agreement of the parents. There, the child turned age 18 on August 29, 2000, with 1 year of high school remaining because of a joint decision of the parents. While the child was still a minor, in July 1999, the parents agreed and the court ordered that father's child support obligation " 'shall automatically continue through the school year after the minor child has attained the age of 18 on the condition that the child is a bonafide high school student.' " 31 Kan. App. 2d at 164. The agreement further provided that the father was entitled to verify the child's regular school attendance in the school year following the child's 18th birthday to confirm the child's status as a bona fide student. The dispute, raised in a motion by the father, was whether the agreed-upon court order required father to pay child support for June 2001, given that the child graduated May 29, 2001.

Resolution of the dispute in *Sell* required an interpretation of the parents' agreement and the court's order. K.S.A. 2003 Supp. 60-1610(a)(1)(B) came into play as an aid in interpreting the agreed-upon court order. Further, implicit in the decision was whether 60-1610(a)(1)(B) precluded an agreement or court order to terminate child support prior to the end of June following graduation.

K.S.A. 2003 Supp. 60-1610(a)(1)(B) is stated in the negative, as an exception to the general rule that child support ends when the child reaches age 18. Perhaps the provision would be clearer if rephrased as follows: child support for an 18-year-old who has not completed his or her high school education shall automatically terminate on June 30 of the school year during which the child becomes 18 years old, unless otherwise ordered by the court. To deny the district court the authority to order termination of child support for an 18-year-old who has graduated from high school prior to June 30 would require us to read out of K.S.A. 2003 Supp. 60-1610(a)(1)(B) the plain English language that the legislators have included. The word "automatically" and the phrases "unless otherwise ordered by the court," "before completing the child's high school education," and "still attending high school" cannot be cavalierly ignored. The June 30 termination date is only applicable if the district court has not provided otherwise and the adult child has no inviolable right to support if he or she has ceased attending high school, *i.e.*, has graduated.

Therefore, in *Sell*, the district court had the authority to order an agreed-upon termination date prior to June 30, 2001. The order did not provide for a specific termination date but rather conditioned the continued support upon the child's status as a bona fide high school student. The *Sell* court determined that the condition, requiring the child to be a bona fide high school student, was no longer being met when the child graduated, *i.e.*, an alumnus was not still attending high school. Therefore, the parents' agreement was interpreted to terminate father's support obligation upon the child's graduation. 31 Kan. App. 2d at 166-67. We approve the decision in *Sell*, albeit the case is distinguishable from the facts of the instant case.

Here, we have no parental agreement or prior court order which establishes a child support termination date via a condition precedent. The issue is controlled entirely by our interpretation of K.S.A. 2003 Supp. 60-1610(a)(1)(B). Specifically, the issue is whether that statute permits a parent to seek and the district court to order a child support termination date which is after the child's

high school graduation date but before June 30 following graduation.

In K.S.A. 2003 Supp. 60-1610(a)(1)(B), the phrase "unless otherwise ordered by the court," immediately follows the phrase "shall not terminate automatically" and immediately precedes the phrase "until June 30." Contrary to SRS's contention, the June 30 termination date is not mandated for all children. The statutory language clearly manifests a legislative intent to invest the district court with authority to entertain and grant a motion to terminate child support, effective after the child's high school graduation but prior to June 30 following graduation.

Below, the district court apparently determined that it had no discretion to deny the motion because of the *Sell* precedent, and we have found that determination to be erroneous. If the district court had discretion to grant or deny the motion to terminate child support, we could have no way of knowing how the district court would have exercised the discretion, and therefore we would be unable to affirm the district court as being correct for any reason. See *Drake v. Kansas Dept. of Revenue*, 272 Kan. 231, 239, 32 P.3d 705 (2001) (reason for trial court ruling immaterial if result correct). On the other hand, if the statutory language precludes a district court from ordering child support to continue for an adult child who has completed his or her high school education, the district court in this case would not have had the authority to deny the motion and we could affirm as being right for the wrong reason.

A minority of the panel believes that the June 30 automatic termination date was imposed as a modification to *Brady's* automatic termination at age 18 with the purpose of providing a supporting parent the choice of (1) expending the resources to formally request a court ordered termination of child support based upon the child's completion of his or her high school education, or (2) take advantage of the legislatively established automatic termination date. Thus, the minority view is that, when presented with a motion requesting a termination date effective after the adult child's high school graduation, the district court has no choice but to grant the termination.

A majority of the panel believes that the statute clearly gives the district court discretion to order a termination date prior to June 30, and, therefore, the court could also exercise that discretion to deny an earlier termination. In other words, the court has the authority to deny a termination motion, leaving the automatic termination date of June 30 in place. Therefore, we must reverse and remand to allow the district court to exercise its discretion in ruling on the motion to terminate child support.

Reversed and remanded with directions.