IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 122,810

KELLY ROE,
*Appellee*,

v.

PHILLIPS COUNTY HOSPITAL,
*Appellant*.

SYLLABUS BY THE COURT

1.

When the parties agree that the facts are undisputed, an appellate court reviews a district court's decision to grant summary judgment de novo.

2.

In interpreting a statute, courts begin with its plain language. When a statute is plain and unambiguous, the court must give effect to the intention of the Legislature as expressed, rather than determine what the law should or should not be. The court need not apply its canons of statutory construction or consult legislative history if a statute is plain and unambiguous.

3.

Even when the language of a statute is clear, courts still consider various provisions of an act *in pari materia* to reconcile and bring those provisions into workable harmony, if possible.

1

4.

The plain language of K.S.A. 45-219(a) requires a public agency, upon request, to provide a copy of a public record in the format in which it maintains that record.

Review of the judgment of the Court of Appeals in an unpublished opinion filed February 11, 2022. Appeal from Phillips District Court; PRESTON A. PRATT, judge. Opinion filed January 6, 2023. Judgment of the Court of Appeals reversing the district court is reversed. Judgment of the district court is affirmed, and the case is remanded.

*Quentin M. Templeton,* of Forbes Law Group, LLC, of Overland Park, argued the cause, and *Keynen J. (K.J.) Wall*, *Frankie J. Forbes*, and *Russell J. Keller*, of the same firm, and *John F. McClymont,* of McClymont Law Office, PA, of Norton, were with him on the briefs for appellant.

*Maxwell E. Kautsch*, of Kautsch Law L.L.C., of Lawrence, argued the cause and was on the brief for appellee, and *Kelly Roe*, appellee pro se, was on the pro se brief.

*Maxwell E. Kautsch*, of Kautsch Law L.L.C., of Lawrence, was on the brief of amici curiae Kansas Press Association, Inc., Kansas Association of Broadcasters, Inc., Kansas Sunshine Coalition for Open Government, Inc., Kansas Institute for Government Transparency, Inc., and Lex Lumina, LLC.

The opinion of the court was delivered by

WILSON, J.: This interlocutory appeal after summary judgment poses a single question of law: when a person requests an electronic copy of a public electronic record under the Kansas Open Records Act, must a public agency provide that copy in electronic format? The answer is "yes."

FACTS AND PROCEDURAL BACKGROUND

Because this case reaches us on an interlocutory appeal from the district court's grant of partial summary judgment, the salient facts are uncontroverted. As set forth by the district court, the relevant facts are as follows:

"1.      [Phillips County] Hospital is a 'public agency' within the meaning of K.S.A. 45-217 and is therefore subject to KORA.

"2.      On [various dates] Roe made written requests under KORA for copies of records made, maintained, kept, or in the possession of Hospital, including copies of existing electronic records in their native format.

. . . .

"4.      Hospital's employees use computer programs, such as Microsoft Word, PowerPoint, and Excel to create (i.e., make) electronic files.

"5.      . . . Hospital does not claim it is incapable of producing the requested electronic records in the format(s) in which each was made, maintained, kept, or in the possession of Hospital.

. . . .

"9.      Individual cells in the Excel spreadsheets Hospital creates may include formulas."

Phillips County Hospital refused to produce for Roe the requested electronic records in native (i.e., "electronic") format but expressed willingness to provide copies of the electronic records in hard copy (i.e., paper) format.

3

In response, Roe complained several times to the Kansas Attorney General's office about Hospital's position. In a letter addressing Roe's complaints, the AG's Open Government Enforcement Unit (OGEU) concluded that "'KORA contains no language requiring records be provided in their native format,' and 'a public agency retains the discretion to determine the format in which the records are produced.'" While acknowledging that attorney general opinions are not legally binding, we note the OGEU's response reached a conclusion generally different than those expressed in previous AG opinions, including Att'y Gen. Op. Nos. 88-152 ("any person has the right to obtain a computerized voter registration list in computer format if the public agency has the capability of providing the record in that format"), 89-106 ("Computerized public information must be provided in the form requested if the district has the capability of producing that form."), 95-64 (same), and 2009-14 (referencing county's "requirements under KORA to provide access to records in any format available for a requestor").

Roe also filed a petition in district court to enforce her KORA rights. Ultimately, both Roe and Hospital submitted competing motions for summary judgment, though the district court struck Hospital's motion because of its late filing. In its order, the district court granted partial summary judgment to Roe. After reviewing KORA and several AG opinions, the district court concluded: "While true that KORA does not specifically say copies must be produced in electronic format, that is implied." The court thus ordered Hospital to provide Roe with electronic copies of the records, as she requested, with certain exceptions not relevant to our analysis.

On appeal, a panel of the Court of Appeals reversed the district court. The panel reasoned that KORA was silent on the question of format in which a record is produced on request. It held "there is no plain statutory language which requires a public agency to

4

produce electronic public records in the format of the requester's choice—such as a native-based electronic format—if the agency has the capability of producing the records in that format." *Roe v. Phillips County Hospital*, No. 122,810, 2022 WL 414402, at *5 (Kan. App. 2022) (unpublished opinion). The panel read K.S.A. 2020 Supp. 45-221(a)(16) and K.S.A. 45-219(g) to conclude that "while an agency may produce electronic records in response to an open records request, there is no *mandatory* language requiring a public agency to provide copies of electronic documents in their native-based electronic formats upon request." 2022 WL 414402, at *5. The panel also considered the definition of "copies" to conclude that hard copies of electronic records would satisfy Hospital's duty to provide "copies" under KORA. 2022 WL 414402, at *6-7.

The panel held that KORA gives an agency discretion over how it provides records and "the Legislature did not authorize the requestor to have control over the original records or copying process but afforded the responsibility of determining the manner and method of reproduction to the public agency." *Roe*, 2022 WL 414402, at *8. The panel thus concluded that the district court erred, although it also remanded the matter to the district court for the parties to better argue the question of metadata, noting the parties' agreement "that no expert testimony was presented . . . regarding the production of different computer formats or metadata." 2022 WL 414402, at *10.

Judge Cline wrote separately to argue that electronic records fit the definition of "public record" in K.S.A. 2020 Supp. 45-217(g). *Roe*, 2022 WL 414402, at *15 (Cline, J., concurring). And while Judge Cline believed that Roe could not "dictate" the format in which Hospital produced its records, she would remand "with directions that the Hospital must satisfy the district court that its proposed format of production (a paper copy) includes the relevant electronic information associated with the public records (like

5

metadata and spreadsheet formulas), so long as KORA's other provisions are satisfied and no exception exists." 2022 WL 414402, at *15 (Cline, J., concurring).

Roe petitioned for review of the panel's determination that KORA does not require a public agency to provide copies of electronic public records in the requested electronic format, even if the agency has the capability to do so. She did not challenge the panel's other holdings, which involved a claim of attorney-client privilege. *Roe*, 2022 WL 414402, at *11-15. This court granted review on her sole issue.

ANALYSIS

The question before us is whether KORA requires a public agency to provide someone with requested electronic copies of public electronic records. We conclude that the plain language of the relevant statutes, when read together, supports the existence of such a duty.

*Standard of review.*

When the parties agree that the facts are undisputed, an appellate court reviews a district court's decision to grant summary judgment de novo. E.g., *First Sec. Bank v. Buehne*, 314 Kan. 507, 510, 501 P.3d 362 (2021); *N. Nat. Gas Co. v. ONEOK Field Servs. Co., LLC*, 310 Kan. 644, 650, 448 P.3d 383 (2019). We likewise review issues of statutory interpretation de novo, as with other questions of law. E.g., *State v. Scheuerman*, 314 Kan. 583, 587, 502 P.3d 502, *cert. denied* 143 S. Ct. 403 (2022).

"'It is a fundamental rule of statutory constructions, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. The

6

legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Stated another way, when a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute. [Citations omitted.]'" *Wichita Eagle & Beacon Pub. Co. v. Simmons*, 274 Kan. 194, 214, 50 P.3d 66 (2002) (quoting *In re Marriage of Killman*, 264 Kan. 33, 42-43, 955 P.2d 1228 [1998]).

When a statute is plain and unambiguous, "the court need not resort to canons of statutory construction or legislative history." *State v. Wells*, 296 Kan. 65, 83, 290 P.3d 590 (2012). On the other hand, "if a statute's language is ambiguous, we will consult our canons of construction to resolve the ambiguity." *Johnson v. U.S. Food Serv.*, 312 Kan. 597, 601, 478 P.3d 776 (2021).

We recently clarified that "even when the language of the statute is clear, we must still consider various provisions of an act *in pari materia* to reconcile and bring those provisions into workable harmony, if possible." *Bruce v. Kelly*, 316 Kan. 218, 224, 514 P.3d 1007 (2022). Put another way, "[W]hen interpreting a statute, we do not consider isolated parts alone, but all relevant parts together." 316 Kan. at 230. Thus, we may consider a statute *in pari materia* even *if* the statute appears to be "plain and unambiguous" as well as to "provide substance and meaning to a court's plain language interpretation of a statute." 316 Kan. at 224.

Although it does not impact our analysis here, we also briefly note that KORA itself presents another wrinkle in statutory construction: "It is declared to be the public policy of the state that public records shall be open for inspection by any person unless otherwise provided by this act, and this act shall be liberally construed and applied to

7

promote such policy." K.S.A. 45-216(a). The parties dispute whether this mandate for liberal construction applies solely to statutes impacting the right of inspection, or to other KORA rights generally. But we need not resolve this disagreement because KORA's statutory mandates are plainly stated for our purposes here.

*Discussion.*

We begin with the first sentence of K.S.A. 45-219(a): "Any person may make abstracts or obtain copies of any public record to which such person has access under this act." Public agencies and public records are both defined in K.S.A. 2020 Supp. 45-217. The parties agree Hospital is a public agency and the records requested—at least, those that are the subject of Roe's petition for review—are public records to which Roe has access under the act. There is no question that Hospital possesses the requested electronic records and can produce them in electronic format, and Hospital does not claim any exemption preventing their disclosure. The parties' only dispute, then, centers on what KORA means when it speaks of "copies."

As every actor here thus far has identified, KORA does not define "copies." But because courts ordinarily give plain words their commonly understood meaning, the panel cited these definitions to divine the meaning of "copies":

> "Black's Law Dictionary defines 'copy' as '[a]n imitation or reproduction of an original.' Black's Law Dictionary 423 (11th ed. 2019). Similarly, the Webster's dictionary defines a 'copy' as 'a thing made just like another; imitation of an original; full reproduction or transcription.' Webster's New World College Dictionary 328 (5th ed. 2014). It is apparent that the common usage and plain meaning of the term 'copies' allows for reproductions which may involve numerous formats or mediums. Employing these dictionary definitions, we are persuaded that, provided the public agency delivers an accurate

8

reproduction of the original electronic records to the requester, KORA's requirement that a copy of the public record must be provided is satisfied. " *Roe*, 2022 WL 414402, at *6.

We agree with the panel's underlying logic to this extent: the plain meaning of "copy" denotes duplication with essentially perfect fidelity, or what the panel called an "accurate reproduction." 2022 WL 414402, at *7. But to confirm the validity of the panel's application of this logic to electronic records, we must also consider the meaning of "public records," to which the term "copies" applies in K.S.A. 45-219(a). On this point, KORA clarifies that "'[p]ublic record' means any recorded information, *regardless of form, characteristics or location*, which is made, maintained or kept by or is in the possession of: (A) Any public agency." (Emphasis added.) K.S.A. 2020 Supp. 45-217(g)(1).

This means an agency cannot split a public record into its constituent parts: all recorded information within a record *is* the record, and thus must be disclosed unless specifically exempted by KORA. If a member of the public submits a KORA request for a "copy" of a noncopyrighted video, for example, a copy of only the video's audio component constitutes only a part of the requested record. Put another way, the record itself includes not only the information it contains, but also the form in which the information is stored. The form itself is a secondary kind of information that is also public. KORA does not contemplate government agencies divorcing form from raw data or information. Thus, KORA obliges the agency to faithfully duplicate the public record in *all* its respects—"regardless of form, characteristics or location." K.S.A. 2020 Supp. 45-217 (g)(1).

Consider a hypothetical handwritten paper document created and maintained by a public agency. This handwritten document qualifies as a "public record" and is subject to

KORA's provisions on inspection and copying unless exempted by some other provision of KORA, such as K.S.A. 45-219(a) or 45-221(a). An accurate reproduction (i.e., copy) of a paper record must, itself, be paper, and thus KORA mandates duplication on paper; a photocopy, for instance, would satisfy the agency's duty to provide a copy. This is not to say, and indeed we do *not* say, that the agency could not provide information from the paper record in another format *if requested*, but KORA sets the absolute floor for an agency's obligations: if it maintains "recorded information" in a given format, a "copy" must mirror that format.

Further, what if the agency were to digitize—scan and electronically store—that paper record? Our court has long recognized that KORA's definition of "public records" encompasses computer files and other electronic records. Cf. *Wichita Eagle & Beacon Pub. Co.*, 274 Kan. at 210 ("[A]ny nonexempt document, computer file, or tape recording in the possession of [a public agency] is subject to public disclosure under KORA."); *State ex rel. Stephan v. Harder*, 230 Kan. 573, 583, 641 P.2d 366 (1982) (Under the open records statute that preceded KORA this court stated, "[C]omputer usage has mushroomed and . . . in many instances the only record maintained is that stored within the computer. We hold that the computer tapes described herein are 'official public records.'"). Consequently, K.S.A. 2020 Supp. 45-217(g)(1)'s emphasis on "any recorded information, regardless of form, characteristics or location" reveals that an agency's act of digitizing a paper record creates a *new* public record separate from the first—not only because the essential characteristics of an electronic record are unique to that record, but also because the very act of digitizing the record creates *new* "recorded information."

As a result, this new digital public record would be *independently* subject to KORA's inspection and copying provisions. For a copy of an electronic record to

10

maintain perfect fidelity with the original, it must *also* be provided electronically, just as KORA mandates that a copy of a paper record must also be on paper.

While the panel correctly determined that the plain meaning of "copies" "allows for reproductions which may involve numerous formats or mediums," it missed the critical implication that any "accurate reproduction" of a public record must mirror the content *of* that record, unless specifically exempted. See *Roe*, 2022 WL 414402, at *6. Here, if we focus on just an Excel spreadsheet, it can have embedded components that include at least some formulas. Such formulas provide information to show more than just numbers in a cell, but also how those numbers are generated. Hardcopies simply will not work to reproduce accurately such an integrated animal. Plainly, hard copies do not "embed" anything. The only accurate reproduction of an electronic file is a copy of the electronic file, which can easily be provided by, for example, email or thumb drive.

We thus reverse the panel's decision and affirm that of the district court. Roe has requested electronic copies of public records stored electronically. Hospital does not claim that these records are exempt from disclosure. Therefore, under the plain language of KORA, Hospital must provide copies of these records in the format it stores them.

CONCLUSION

The judgment of the Court of Appeals panel is reversed, and the judgment of the district court granting partial summary judgment to Roe is affirmed. We remand the matter to the district court for further proceedings in a manner consistent with this opinion.

WALL, J., not participating.